## ROE v. KISER.

### Opinion delivered February 22, 1896.

NOTE—USURY.—A note containing a promise to pay interest at the highest lawful rate is rendered usurious by a contemporaneous verbal agreement that the makers shall pay twice that rate of interest on the money loaned.

NOTE—PAROL EVIDENCE TO CONTRADICT.—In an action on a note providing on its face for a legal rate of interest, parol evidence of a contemporaneous verbal agreement to pay an illegal rate of interest is admissible to show the illegality of the note.

USURY—SURETY PAYING PRINCIPAL'S DEBT.—A surety on a note void for usury, who voluntarily pays the same without any request from the principal, knowing that it is usurious and void, is not entitled to relief under a mortgage given to secure him against liability as such surety.

Cross appeals from Benton Circuit Court in Chancery.

EDWARD S. McDANIEL, Judge.

### STATEMENT BY THE COURT.

The facts necessary to a proper presentation of the case are as follows: H. C. Burrestetta, being the owner of the N. E. ¼ of the N. W. ¼ of sec. 18, township 20 N., range 28 W., and being indebted to R. L. Nance in the sum of $247.90, on the 10th day of June, 1890, executed to Nance his note for said amount, due ninety days after date, and at the same time conveyed the above land to Nance to secure the payment of the note. On the 12th day of Dec. 1891, the Nance note having been transferred to W. R. Felker, and the principal sum thereof being past due, the plaintiff Roe and the defendant Kiser executed to Felker their joint note in the sum of $247.90, due one day after date, in payment of the note held by him as assignee of Nance. At the same time and for the purpose of indemnifying Roe against the payment of said note, Kiser conveyed to Roe the S. E. ¼ of the S. W. ¼ and the south fractional part of the W. ½ of the S. W. ¼ sec. 7, township 20 N., range 28 W.

By his bill the plaintiff seeks (1) to recover a personal judgment against the defendant Kiser for the amount of principal and interest due on the note given by him and Roe to Felker; and (2) to foreclose the mortgage given by Burrestetta to Nance, and also the one given by Kiser to Roe.

Upon the final hearing of this cause the court below cancelled the note given by plaintiffs, Roe and Kiser, to Felker and the mortgage given by Kiser to Roe, upon the ground that the same was usurious and void. And at the same time the court rendered a personal judgment against defendant Kiser, and in favor of Roe, for the amount due on the note given to Felker, and by its

decree fixed a lien upon the forty-acre tract described in the mortgage from Burrestetta to Nance, and ordered the sale of the same to satisfy said judgment.

The plaintiff, Roe, prosecutes his appeal to secure a reversal of so much of the decree below as canceled the note given by Roe and Kiser to Felker, and the mortgage from Kiser to Roe. The defendants Kiser and Bondurant prosecute their appeal to secure a reversal of that part of the decree holding Kiser personally liable for any amount, and the foreclosure of the Burrestetta mortgage on the forty-acre tract.

Burrestetta on the 12th of December, 1891, owned the real estate described in the two mortgage deeds made exhibits to plaintiff's complaint. At this time defendant Bondurant owned real estate in Kansas, and upon the date above they exchanged lands. Prior to and at the time of the exchange, all the parties connected with the transaction resided in Benton county, Arkansas, except defendant Bondurant, who resided at Springfield, Mo., and the terms of the exchange were agreed upon by correspondence between plaintiff and defendant Bondurant; the plaintiff, Roe, at the time being the agent and in the active employment of both Burrestetta and Bondurant. The terms of the agreement for that exchange, in effect, were that each was to convey to the other the lands by him owned, and each was to take the other's lands subject to the incumbrance then upon it. There was no agreement that either of them assumed to pay such incumbrances. They simply exchanged subject to such incumbrances.

In furtherance of their agreement, Bondurant—then being in another state—executed a deed for the land he was to convey to Burrestetta, and mailed the same to defendant Kiser for the purpose of delivery to Burrestetta when he was ready to deliver his deed to Bondurant. Kiser had no authority other than to deliver

Bondurant's deed to Burrestetta, and receive his deed to Bondurant. When the parties met to exchange deeds, Kiser learned for the first time, through plaintiff Roe, that Felker was demanding a settlement of the Nance note. Felker testified: "At the time of the transaction I was the legal owner of the Nance note, and that note was taken up, and a new note executed to me in lieu thereof by Kiser and Roe, and I accepted such new note as payment of the Nance note."

The defenses set up are, in effect: (1) That the note given by Kiser and Roe to Felker, and the mortgage given by Kiser to Roe to indemnify him against the same, are usurious and cannot be enforced. (2) That the execution of the new note to Felker extinguished the old note given by Burrestetta, and that there was no agreement that the old mortgage given by Burrestetta to Nance should be continued in force for any purpose. But if it is true, as contended by plaintiff, that there was such agreement, it was a verbal agreement, in effect, to charge the real estate mentioned in the mortgage with a lien in favor of Roe, and cannot be enforced by him.

*E. P. Watson* for appellant.

1. There was no usury in the matter. There must be a contract for a greater rate of interest than 10 per cent. Const. art. 19, sec. 13; Sand. & H. Dig., sec. 5085. In this case there was an *exchange of lands*, and the $247.90 was taken into consideration as a part of the price. There was no loan or forbearance of money. Where a party sells mortgaged property, and stipulates that the purchaser is to pay the mortgage debt as part of the purchase price, the purchaser cannot plead usury on such mortgage and debt. Tyler on Usury, p. 407-8; 2 Denio, 598. There can be no usury in a *sale*, unless made to pro-

tect usury by a false cover.   55 Ark. 268; 33 W. Va. 159; 27 A. &. E. Enc. Law, note 1.

2.   The note executed by Kiser and Roe to Felker was not void for usury.   But if there was, Kiser cannot plead it against his surety who has paid the debt.   There was *no loan* between Roe and Kiser.   Roe stood as a guarantor of the debt.   Tyler on Usury, pp. 92, 110, 172, 113, 114, 273-4.   In a suit by a surety to foreclose a mortgage given by the principal to indemnify him against the note, where usury in the original debt is pleaded as a defense, it cannot be set up as against the surety.   42 Ark. 500; 1 Mass. 139.   The plea of usury is personal.   Where a debt is free from usury in its inception, it cannot be vitiated or destroyed by any subsequent usurious agreement in respect to it, such as giving security, extending time of payment, executing a new form of obligation, or by any other transaction tainted with usury.   27 Am. & Eng. Enc. Law, p. 946-7, note 1; 17 S. W. 713; 56 Ark. 334; 35 *id.* 117; 17 *id.* 138.   Where a contract tainted with usury has been in all things fully executed and performed, it is too late to set it aside on the ground of usury.   27 A. & E. Enc. Law, p. 949; 76 Ga. 669; 17 Atl. 713.   A note or bond given to a third person, who at the debtor's request advanced money to pay the latter's usurious debt, is not affected by such usury.   71 Iowa, 50; 83 Va. 659; 9 Mich. 21.   And it makes no difference that the person advancing the money knew that the debt was usurious.   If a third person, at the debtor's request, furnishes the means to discharge a usurious debt, the debtor cannot plead usury against the claim of such third person for reimbursement, nor defeat the original securities in his hands.   27 Am. & Eng. Enc. Law, p. 596-7; 2 Am. Dec. 316; 42 Ark. 500.   The defense of usury in one obligation cannot be set up in an action on a separate and distinct obligation between the parties.   27 Am. & Eng. Enc. Law, p. 27 and note 3; 11 Atl. 388; 8 *id.* 478.

*J. A. Rice* for appellees.

1. The note by Kiser and Roe to Felker was *void* for usury. Const. art. 19, sec. 13.

2. The contract for indemnity is founded upon *an absolutely void contract*, and has no other consideration, and no contract can rest upon such consideration. 53 Ark. 273; *Ib.* 457; 52 *id.* 373; Acts 1887, p. 50–1.

3. The discharge of the usurious note did not revive the original note. 53 Ark. 273.

4. An equitable subrogation will not be decreed in favor of one who has no other equities than the discharge of a usurious note to offer. Authorities, *supra;* 48 Ark. 479.

5. The old mortgage could not be continued in force by the *verbal agreement* of Kiser, as such agreement was unauthorized. Sand. & H. Dig., sec. 3480.

6. A ratification of a void contract, or contract supported solely by an illegal consideration, and all conveyances based thereon, is void, and passes no title. 52 Ark. 373.

HUGHES, J., (after stating the facts.) Without setting out the evidence in detail, we deem it sufficient to say that we have carefully read and examined it, as set out in the bill of exceptions in the case, and think that the preponderance of it sustains the finding of the chancellor that the note given by Roe and Kiser to Felker, and the mortgage given by Kiser to Roe, were usurious and void; it having been shown by parol evidence that, though the note was given to bear interest at the rate of ten per cent. (which is the highest lawful conventional rate of interest in this state), yet there was, at the time the contract for the loan was made and the note was given, a verbal agreement that Kiser and Roe should pay twenty per cent. interest per annum upon the money forborne to them by Felker, and

*When note usurious.*

that this agreement was understood and entered into by both Kiser and Roe. This certainly made this contract and agreement usurious and void.

Parol evidence admitted to prove usury.
This is a case where the contract and agreement was illegal,—prohibited by law,—and its terms rested partly in parol and partly in writing. It is objected that parol evidence could not be heard to contradict or vary the terms of the written contract, which was for ten per cent. interest per annum only. It is a well settled and recognized general rule that parol evidence cannot be admitted to contradict or vary the terms of a written agreement. But this rule is not without exceptions. This rule assumes that the instrument has a legal existence, and is valid. Testimony to show it to be void is always pertinent. Illegality of an agreement may be shown, to avoid a writing purporting to evidence it. See 2 Phillips, Ev., p. 684, n. 500, and authorities there cited, and n. 495, p. 673, and cases cited; *Wilhite* v. *Roberts*, 3 Dana, 175.

"In an action on a note the defendant may show a distinct parol agreement, made at the time the note was given, to pay usury upon the demand secured by the note, and thus avoid it." *Hammond* v. *Hopping*, 13 Wend. 510, 511; *Lear* v. *Yarnel*, 3 A. K. Marshall (Ky.), 420.

The written contract cannot have the effect, in such cases, of merging the parol contract, "for it is only in virtue of its superior obligation that a written contract has the effect of extinguishing the verbal contract upon which it is founded." *Lear* v. *Yarnel*, 3 A. K. Marshall (Ky.), 421; *Allen* v. *Hawks*, 13 Pick. 79; *Levy* v. *Brown*, 11 Ark. 16. In *Levy* v. *Brown*, *supra*, this court said: "With respect to the admissibility of parol evidence to prove the contract, there can be no doubt; for it is well settled that any matter which shows that a security is void on the ground of its being usurious

may be averred and proved, however contrary it may be to the terms of the security," (quoting from the Kentucky case). The court further said: "An agreement to pay more than legal interest for money loaned on note, such agreement being made at the time of the loan, is usurious, and renders the note void, though the note on its face be for the amount lent, with the legal interest only." But if the parol agreement to pay the illegal interest be made after the time of the loan, it would not make the note usurious. *Merrills* v. *Law*, 9 Cow. 65.

The next question is, did the court err in rendering a personal judgment against Kiser, and declaring a lien in favor of the plaintiff Roe upon the forty-acre tract of land described in the mortgage from Burrestetta to Nance, and ordering the same sold to satisfy the judgment? The claim of Roe to have this decree was based upon the fact that he had become the surety of Kiser on the note of Kiser to Felker to settle the note given by Nance to Felker, and had taken a mortgage from Kiser to secure him against the payment of the note Kiser had given to Felker with Roe as security, and that he (Roe) had paid said note, and was entitled to enforce the security which Felker had held against Nance, and which had been paid off by the note of Kiser and Roe. The note given by Kiser and Roe to Felker and the mortgage by Kiser to Roe were usurious and void. There was no legal obligation upon either Kiser or Roe to pay the note they had given Felker, and the evidence does not show that Kiser requested Roe to pay the same, but tends to show that he did it voluntarily, knowing that it was usurious and void. This he had no right to do, and thus make Kiser liable to pay the note which he was not legally bound to pay. Had Kiser requested Roe to pay this note, a different question would be presented. As Roe's right to relief against Kiser depended upon the

*[margin note:]* Right of surety paying principal's usurious debt.

unlawful transaction in making the usurious agreement by himself and Kiser with Felker, he was not entitled to any relief. He could have no right upon this unlawful and prohibited agreement, and he had no right that he did not seek to trace through and base upon this transaction.

In *Trible* v. *Nichols*, 53 Ark. 273, this court, through Chief Justice Cockrill, said: "The general rule is well established that one who, at the request of another, pays off an incumbrance upon the latter's land, is entitled to be subrogated to the security; and it is also a settled rule that when a valid security is cancelled by means of a subsequent agreement and security which is void for usury, the original security is not invalidated, but equity will revive and enforce it." But "one who seeks protection under the equitable doctrine of subrogation must come into court with clean hands. It is not applied to relieve one of the consequences of his own wrongful or illegal act. When, therefore, the claim to subrogation grows out of an agreement which is void by reason of usury, it furnishes no basis for the equitable doctrine."

So much of the decree of the circuit court in chancery as holds the note given by Kiser to Roe void for usury is affirmed. But so much of it as declared a lien in favor of Roe upon the forty-acre tract described in the mortgage from Burrestetta to Nance, and the personal judgment against Kiser, is reversed, and the bill is dismissed for the want of equity.

Bunn, C. J., dissents.