## FELLOWS v. CHRISTENSEN.

Under St. Wis. 1898, § 1690, providing that all contracts where-by there was a secured rate of interest exceeding 10 per cent. shall be valid to secure payment of the principal, but no interest shall be recovered, payment of the usurious rate of interest is not a requisite to the invalidity of the contract.

While Civ. Code, § 1287, provides that a contract in writing may be altered only by a written contract or an executed oral one, it presupposes a valid contract, and does not prevent the admission of parol evidence to show that a contract is invalid because of usury; parol evidence being always admissible to show the illegality of a contract.

Instructions in which the court charged the jury as to the probative force and relative probative force of the evidence were erroneous.

Defendants executed a note for $500 bearing interest at 6 per cent., and made numerous small payments which were indorsed on the note without directions. Defendants claimed that the note was usurious, in that they were to pay $5 per month interest instead of that specified. **Held** that, while payments indorsed on a note without directions will by law be first applied to the payment of interest and then to the payment of the principal, that application will not be made until the true contract is known, and hence the mere indorsement of the payment without directions did not show that they were to be applied first to the payment of the interest provided for in the note, and then upon the principal, and an instruction that the indorsements of such payments was in legal effect a payment of the lawful interest, and any excess on the principal was erroneous.

Where, in an action upon a note, there was under proper instructions ample evidence, if believed, to support a verdict for defendant, the giving of erroneous instructions was prejudicial error and ground for reversal.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Clark County. Hon. GEO. M. MARQUIS, Judge.

Action by Jennie Fellows against Axel H. Christensen. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. G. *Sherwood* and P. F. *Gault,* for appellant.

The court cannot indicate his opinion, either expressly or impliedly, intentionally or otherwise, as to the credability of the witnesses, or as to the truth of any fact in issue, and the subject of

evidence. The whole matter of finding the facts of the case must be left entirely to the jury, without suggestions or leadings by the court. Blashfield's Instructions to Juries, vol. 1, section 47, page 102. Or to require the jury to give more credit to one class of testimony than another. Kirk v. Territory, 10 Okl. 46; Milligan v. Chicago, B. & Q. R. Co., 79 Mo. App. 393; Metropolitan R. Co. v. Martin, 15 App. D. C. 552. Or to instruct that designated testimony is entitled to greater weight or is weighty and strong. Ryder v. State, 100 Ga. 528; Williams v. Dickenson, 28 Flo. 90; State v. Hindley, 46 Mo. 414; Smith v. Meyers, 52 Neb. 70; State v. Gleim, 17 Mont. 17; Steel v. State, 83 Ala. 20; Bourquin v. Bourquin, 110 Ga. 440. Indorsements made by the creditor on a note are merely statements against interest. Wigmore on Evidence, vol. 2, sec. 1460-1466. They constitute no part of the note. They stand on the same ground as receipts for the payment of money and may be explained or contradicted by parole evidence. 23 A. & E. Encyclopedia of Law, 978; 22 A. & E. Enc. Law, 584; McDaniels v. Lapham, 21 Vt. 222; Fitzgerald v. Coleman, 114 Ill. 25; State v. McLean, 1 Ark. 311; Ennis v. Pullman Palace Car Co., 165 Ill. 161; Stackpole v. Arnold, 6 Am. Decisions, 150; Gilpatrick v. Foster, 12 Ill. Reports, 355.

*Elrod & McGann* and *R. A. Dunham*, for respondent.

The burden of proving usury is always upon the party who alleges it. Am. & Eng. Enc. of Law (1st Ed.) vol. 27, p. 1045. And it must be established by a strong and clear preponderance of the evidence. Am. & Eng.. Enc. of Law (1st Ed.) vol. 27, p. 1045; Bayliss v. Crockett, 81 N. Y. 363; Citizens' Bank v. Murphy, 102 S. W. 697. Interest may be payable in monthly installments at the highest rate of interest without making the contract usurious. Goodale v. Wallace, 19 S. D. 405; Upton v. O'Donahue, 49 N. W. 267.

WHITING, J. This action was brought to recover the amount claimed to be due upon a promissory note given plaintiff by defendant. The defendant pleaded usury, asked that certain payments made by him be credited on the principal, and consented that judgment for the principal less the sums paid be entered

against him. Verdict and judgment were for plaintiff, a new trial was denied, and defendant appealed said case to this court.

The note was executed in Wisconsin, and it is conceded that the contract entered into is to be construed under the laws of that state. The note was for $500, dated March 7, 1902, due in one year, and bore interest at 6 per cent. per annum. There were indorsed thereon a number of small payments, in all a total sum of $125. Under the law of Wisconsin, in force when the note was executed, it was usurious to contract even in writing for a greater rate of interest than 10 per cent. per annum, and section 1690, c. 79, Statutes of Wisconsin for the year 1898, provided: "All bonds, bills, notes, assurances, conveyances and all other contracts or securities whatever, whereby there is reserved or secured a rate of interest exceeding ten dollars on one hundred dollars for one year, shall be valid and effectual to secure the repayment of the principal sum loaned; but no interest shall be recovered on such securities or on any money or other things loaned by such contract, except such bottomry and respondentia bonds and contracts and no corporation shall interpose the defense of usury."

The note was upon its face valid, and, as the payee had not designated in the indorsements made as to how she had applied the payments, neither the note nor the indorsements thereon gave any evidence of an usurious contract. The defendant, however, pleaded that the real contract between the parties, as verbally entered into at time of the giving of the note, was that defendant should pay, for the use of the $500 that was then loaned to him by plaintiff, the sum of $5 per month payable monthly; that, under such verbal contract, he had paid $120 which was knowingly and intentionally received and applied by the plaintiff as and for interest for two years from March 7, 1902, to March 7, 1904; and that he had paid the further sum of $5.

Plaintiff was not present at the trial; her evidence being received in form of deposition. She denied the alleged oral contract; testified to receiving the several payments and making the indorsements at times of payment; and swore that she had never intended to apply such payments to usurious interest

and never had applied same. Defendant testified to the giving
of the note, and also that the real contract was in parol and
was as pleaded. Defendant concedes the payments were made at
the times shown by the indorsements and claims they were made
and received to apply on interest under the verbal agreement. He
then testified that in fall of 1907, when plaintiff was at Clark,
S. D., the home of defendant, he asked her for a receipt for the
money he had paid her; that she at first refused to sign any
papers; that she then gave a receipt prepared by defendant, but
which, before she signed it, was read to her by defendant and also
by her; that, after signing the receipt, the plaintiff said the $120
was paid for interest. The receipt was received in evidence, and
reads: "Received of A. H. Christensen, one hundred and twenty
($120.00), interest on note given March 7th, 1902, for five hun-
dred dollars, being the interest to March 7th, 1904, (March sev-
enth, nineteen hundred and four) two years. Jennie Fellows.
Clark, S. D."

It is not claimed that the evidence was insufficient to support
the verdict, and, while appellant assigns certain errors in the
court's ruling upon admission of evidence, such assignments are
not discussed in his brief; he relying, for reversal of the judg-
ment and order herein, upon alleged errors in the trial court's in-
structions to the jury. Among the alleged erroneous instructions
were the following:

A. "It will not be sufficient for you to find that there was the
oral agreement claimed by the defendant, unless you also find that
the defendant afterwards made and the plaintiff accepted payments
of interest at the usurious rate claimed by the defendant. If
there was such oral agreement and the parties never acted upon,
carried it into execution, then the defense of usury is not estab-
lished. A promissory note is not to be altered in such a material
respect as the rate of interest therein specified by changing that
rate from a legal rate to an illegal rate or usurious rate by a mere
oral agreement not executed. By 'executed' I mean acted upon,
put into force and effect, carried out for at least a certain period
or to some extent."

B. "If the indorsement on the note showing small payments thereon at divers times were made by the plaintiff at the times the same were received and promptly, then the same are very strong evidence in plaintiff's favor as they are indorsements showing payments credited upon the principal and interest of the note and have a strong tendency to establish that the plaintiff did not knowingly and intentionally or otherwise or at all accept payments of interest at an usuurious rate or any payments of interest merely."

C. "On the other hand, the receipt signed by the plaintiff and introduced in evidence by the defendant is also entitled to consideration; yet it does not necessarily overcome or alter the fact that the said credits of payments, if indorsed promptly at the times when the payments were made, were and are on their face and in legal effect payments of and to be applied upon the entire indebtedness evidenced by the note, principal and interest included. That is apparent from the fact that each indorsement of itself as it appears is evidence of a part payment of the note, not of the principal only, nor of the interest only, but of the note both principal and interest as against the plaintiff, and, if she freely and voluntarily made those indorsements promptly, in each instance, upon receiving payments from the defendant, then she has never taken or received any illegal or usurious interest."

[1] It is clear that instruction A, wherein the court directed that there must be a payment of usurious interest made and accepted in order to establish the defense pleaded, incorrectly states the law by which the contract between these parties must be construed. Section 1690, supra, provides: "All * * * contracts * * * whereby there is secured a rate of interest exceeding ten dollars on one hundred dollars for one year, shall be valid and effectual to secure repayment of the principal sum loaned; but no interest shall be recovered * * * on any money loaned by such contract. * * *" Under this section, whether the contract is verbal or in writing, if it is for a rate exceeding 10 per cent. per annum, it is usurious absolutely regardless of whether any payment had been made thereon, though proof of payment and application thereof might be some evidence of what the contract

really was. The contract either was or was not usurious at its inception, and payments or want of payments in no manner changed same.

[2] It would appear that the trial court was applying to this transaction section 1287 of the Civil Code, which reads: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." If it had been conceded that the original contract was the note, and it had been claimed that it was afterwards altered by an agreement, such statute would apply; but, even if such were the case, it must be remembered that such section presupposes a *valid* contract which parties seek to prove was altered by another *valid* agreement. The question in this case was not whether there had been a concededly valid contract altered by a subsequent oral agreement, but solely what was the actual contract entered into, and was it usurious or not—was the written contract but a mere cloak used to conceal another and an unlawful contract? No proposition of law is better established than that oral testimony is always competent to show the illegality of an apparently valid contract. It will be apparent that, for the reasons above stated, the rule that all oral negotiations are presumed to be merged into the written contract and cannot be shown to vary, add to, or contradict same, has no application where the evidence of the oral transactions is offered to show the illegality of transaction.

In Roe v. Kiser, 62 Ark. 92, 34 S. W. 534, 54 Am. St. Rep. 288, it is said: "It is a well settled and recognized general rule that parol evidence cannot be admitted to contradict or vary the terms of a written agreement. But this rule is not without exceptions. This rule assumes that the instrument has a legal existence and is valid. Testimony to show it to be void is always pertinent. Illegality of an agreement may be shown, to avoid a writing purporting to evidence it. See 2 Philips on Evidence, 684, note 500, and authorities there cited, and note 495, p. 673, and cases cited; Wilhite v. Roberts, 4 Dana [Ky.] 175. In an action on a note, the defendant may show a distinct parol agreement, made at the time the note was given, to pay usury upon the

demand secured by the note, and thus avoid it. Hammond · v. Hopping, 13 Wend. [N. Y.] 510, 511; Lear v. Yarnel, 3 A. K. Marsh. [Ky.] 420. The written contract cannot have the effect, in such cases, of merging the parol contract, 'for it is only in virtue of its superior obligation that a written contract has the effect of extinguishing the verbal contract upon which it is founded.' Lear v. Yarnel, 3 A. K. Marsh. [Ky.] 421; Allen v. Hawks, 13 Pick. [Mass.] 79; Levy v. Brown, 11 Ark. 16. In Levy v. Brown, 11 Ark. 16, this court said: 'With respect to the admissibility of parol evidence to prove the contract, there can be no doubt; for it is well settled that any matter which shows that a security is void on the ground of being usurious may be averred and proved, however contrary it may be to the terms of the security' (quoting from the Kentucky case).. The court further said: 'An agreement to pay more than legal interest for money loaned on a note, such agreement being made at the time of the loan, is usurious, and renders the note void, though the note on its face be for the amount lent, with the legal interest only.' ". See, also, Friend v. Miller, 52 Kan. 139, 34 Pac. 397, 39 Am. St. Rep. 340; Campbell v. Connable (Sup.) 98 N. Y. Supp. 231; Lytle v. Scottish Am. Mtg. Co., 122 Ga. 458, 50 S. E. 402; Keim & Co. v. Avery, 7 Neb. 54; Koehler v. Dodge, 31 Neb. 328, 47 N. W. 913, 28 Am. St. Rep. 518; Morton v. Rutherford, 18 Wis. 298.

[3] Instructions B and C are justly attacked upon the ground that therein the court instructs the jury as to the probative force as well as the relative probative force of certain parts of the evidence received.

[4] Furthermore, inasmuch as there was no dispute but what all payments were promptly indorsed by plaintiff, the latter part of instruction C was, in effect, an absolute direction of verdict for plaintiff. These instructions of the trial court seemed to be based upon the well-established proposition that the law applies payments, where the parties have made no application, first to interest, and second to principal; the court instructing that, inasmuch as plaintiff had made no express application, it was evidence that she

intended to apply the payments as the law would. Reasoning thus, and holding that there must be some money paid and received as and for usurious interest in order for usury to be established, the trial court seems to conclude that such indorsements by plaintiff were conclusive proof that there was no usurious contract. While it is true, as held by this court in Hinrichs v. Brady, 23 S. D. 250, 121 N. W. 777, that the law will apply payments as above stated, it is only where the contract is lawful, and it does not follow that the law would so apply payments when the real contract, so far as it provides for interest, is, as a matter of fact, invalid. Certainly the law never applies payments until the true contract is known, and then will not apply payments in a manner forbidden to the payee. In Gill v. Rice, 13 Wis. 549, the court said: "It is clear that the court was wrong in refusing the third instruction asked by the counsel for the appellant, that a general payment by a debtor to a creditor, without any application by the former, should be applied to demands not forbidden by statute, and that, if such payment were made, the creditor would have no right to apply it upon usurious interest. The contract to pay usury being void, it could not constitute an indebtedness to which the creditor could apply the payment. The same is true of the refusal to give the fourth instruction asked by the same counsel. The law in such cases will apply a payment upon a usurious contract, when no directions are given by the debtor, to the extinguishment of the principal sum loaned, when by law such sum can be collected." Thus it will be seen that before a jury can draw any conclusions as to what a party intended by his acts in relation to a certain contract, basing such conclusions upon the presumption that the party would do what the law would do, the jury must know what the contract was. One can draw a conclusion as to what a contract is, basing such conclusion upon the acts of the parties in relation thereto if you can determine what the parties intended by their acts. Thus in this case, if the indorsements as made had in any manner indicated, by their wording, that plaintiff applied same according to rule in the Brady Case, it would have been strong corroborative proof that the contract was as evidenced by the note; but we are unable to see that a naked indorse-

ment, such as all were in this case, is any evidence of what the real nature of contract was, while the receipt given by plaintiff, if it is in no manner explained, is certainly evidence entitled to great weight as showing that the contract was in fact as claimed by defendant.

[5] The instructions were clearly erroneous, and as, under proper instructions, there was ample evidence, if believed, to support a verdict for defendant, the judgment and order appealed from should be, and they are, reversed.