(119 So. 601)
DOUGLASS v. ORMAN et al.  (8 Div. 610.)

Court of Appeals of Alabama.  May 15, 1928.

Rehearing Denied June 19, 1928.

Mason Douglass, of Dayton, Ohio, and Stell & Quillin, of Russellville, for appellant.

Williams & Chenault, of Russellville, for appellees.

SAMFORD, J. The Sir Barton Oil Company, a Kentucky corporation, on January 28, 1921, executed a promissory note for $2,000, payable to Allen County National Bank of Kentucky, order, due 60 days after date. This note was indorsed at the time of its execution by the plaintiffs and the defendant in order to lend their credit to the maker of the note. The note was delivered to the payee, who thereupon advanced the consideration to the maker. The note was not paid at maturity, and, after demand made, the entire amount was paid by these plaintiffs. The defendant failed and refused to pay aliquot part. Hence this suit.

■ There is some slight controversy as to whether the note containing the indorsement was properly transferred from the owner to the plaintiffs. As to this and in this action this fact would be of no moment; it appearing by the pleading that the indorsements were joint and several. The indorsement being joint and several, the indorsers became bound as sureties for the maker, and as between themselves they were principals as to one-third the face of the note and sureties as to other two-thirds. Under Code 1923, § 9094, as respects one another, indorsers are liable prima facie in the order in which they indorse, but in this case all of the indorsements were made at the time of the making of the note, and as a part thereof before presentation for discount and credit was extended upon the joint indorsement of the plaintiffs and defendant. The plaintiffs, having paid the debt, were entitled to a transfer of the original note; in effect, they are purchasers of the debt and its incidents, and needed no formal transfer of the note in order to maintain suit under the first count of the complaint. The demurrer to this count was properly overruled. Code 1923, §§ 9544 and 9551. Under section 9566 of the Code of 1923, the plaintiffs, having paid the entire debt, were entitled to recover of the defendant in an action for contribution. This claim was declared on in count 2 of the complaint, and was not subject to any grounds of demurrer assigned.

■■ It is insisted that plaintiffs' demurrers to defendant's pleas were improperly considered because not signed by counsel. So far as we know, there is no rule requiring demurrers to be signed by parties or their attorneys. Authorities cited by appellant apply only to complaints. Code 1923, § 9465. But, if the objections were otherwise meritorious, the question is waived in this case, in the absence of motion or other action on the part of defendant directing the attention of the court to the omission.

■ The fourth plea fails to allege a payment by the defendant or at his instance or that the payment was made by the Tennessee Valley Bank for the benefit of the principal in the note or the sureties. The voluntary payment of a debt by a third person will inure to the benefit of the debtor, but the plea must allege facts showing the intention of the volunteer to make the payment and that the creditor accepted payment. Harrison v. Hicks, 1 Port. 423, 27 Am. Dec. 638.

Plea 5 is incomplete. Moreover, the de-

522

fendant had the benefit of both pleas 4 and 5 under plea 3 upon which issue was joined.

■■ The Allen County National Bank took the note of the Sir Barton Oil Company with the indorsements, without knowledge on its part that the defendant was acommodation indorser, or, if not so, the contrary is not alleged in the pleas. The defendant is therefore bound by his apparent standing on the face of the instrument, and cannot claim to be only a surety of the Sir Barton Oil Company, so far as the bank extending the credit is concerned. In that case the Allen County National Bank could not be compelled to proceed against the Sir Barton Oil Company. 8 Corpus Juris, 274 (429). But in any event, as to one-third of the amount due on this note, and as between the plaintiffs and defendant, this defendant was a principal as to one-third of the debt, and the plaintiffs were his sureties. If, therefore, he had a valid defense to the note, it was his duty to his cosureties to so advise them. Pleas 6 and 7 make no such allegation. It is true plaintiffs cannot recover in this action, if they were under no obligation to pay the aliquot part of defendant on the note to the Allen County National Bank, or if the defendant by written notice to the bank to sue the Sir Barton Oil Company and the failure of the bank to sue had resulted in a legal release of defendant from liability. But the pleas must allege that plaintiffs made the payment on the note with full knowledge on their part that defendant was at the time released from liability. It would open the door to all sorts of fraud to allow one surety jointly bound with others to obtain a release from the joint obligation without notice to his cosureties. Roe v. Kiser, 62 Ark. 92, 34 S. W. 534, 54 Am. St. Rep. 288; Jones v. Joyner, 8 Ga. 562; Noble v. Blount, 77 Mo. 235; Bancroft v. Abbott, 3 Allen (Mass.) 524; Hichborn v. Fletcher, 66 Me. 209, 22 Am. Rep. 562; Warner v. Morrison, 3 Allen (Mass.) 566. So far as these pleas go, these plaintiffs had no defense to the note upon which they were jointly bound with defendant, nor did they know of any defense claimed by the defendant. It was their duty to pay upon the default of the principal. They paid the entire note, and are entitled to contribution from defendant. Warner v. Morrison, supra. The foregoing is applicable alike to pleas 6, 7, 11, and D.

■ The fact that, at a meeting of the stockholders of the Sir Barton Oil Company held in Russellville, Ala., the execution of the note here sued on was authorized would not invalidate the note in the hands of the bank nor relieve the indorsers of liability the one to the other, even if such act on the part of the corporation was ultra vires. The corporation through its officers could borrow money, they could execute notes, these plaintiffs and defendant were parties to whatever took place, and the bank was an innocent holder in due course for value without no-

tice. The fact that the note in question was acquired by the Tennessee Valley Bank would not be a discharge of defendant's obligation to pay what he was due thereon. Plea 13 did not state a good defense.

■ Pleas 14, 18, and 19 are insufficient as pleas of res adjudicata, in that it is not alleged that the Tennessee Valley Bank was, at the time of the suit, the holder of the real interest in the note sued on, nor were there allegations connecting these plaintiffs with said suit. Code 1923, § 5699. The matters and things pleaded in the above pleas are res inter alios acta.

■ Pleas 15, A, and B are bad, in that they fail to allege that the note here involved was barred by the statute of limitations at the time same was paid by these plaintiffs. Plea 17 is unintelligible. Moreover, this plea seems to be an effort to set up as a defense to this action matters and things arising between the plaintiffs and the Sir Barton Oil Company with which the defendant is not connected.

■ As had already been seen, the question involved in this case is not whether the note was properly transferred to plaintiffs and by whom. The question here is between indorsers, two of whom paid the entire debt for which all three were liable. If they did, the law makes whatever transfer necessary to maintain this suit. Plea 20 presents no defense.

■ If defendant is entitled to any redress by reason of a mismanagment of the corporation, Sir Barton Oil Company, it is such which he holds in common with the other stockholders and creditors. It certainly is not pleadable in this action.

■ The cause was finally tried on issues presented by pleas 1, 2, 3, 10, 12, and 16, which fairly allow every defense to which the defendant was entitled. The cause was tried by the court without a jury, and we will presume that he considered only legal evidence in making up his judgment. Thus considered, it appears that the parties were jointly interested in the Sir Barton Oil Company, a Kentucky corporation, engaged in operating oil wells and prospecting for oil in the state of Kentucky. On January 28, 1921, a negotiable note was executed, signed by Sir Barton Oil Company, and indorsed by these plaintiffs and this defendant. This note was payable to Allen County National Bank, 60 days after date, who advanced the money thereon. The loan was made on the joint credit of the three indorsers. When the note became due, the Sir Barton Oil Company failed to pay, and shortly thereafter these plaintiffs paid two-thirds of the amount of the note, leaving one-third unpaid. On September 30, 1921, the Tennessee Valley Bank paid to the holder of the note the amount remaining due, and the note was transferred to the Tennessee Valley Bank, without recourse, by A. S. Gardner, cashier.

On March 16, 1921, the Allen County National Bank was merged with the First National Bank of Scottsville, Ky., but Gardner was still the cashier for the Allen County National Bank, and the money was paid to the lawful holder of the note, and the note was delivered to the Tennessee Valley Bank, with such indorsement by the First National Bank. The First National Bank went into liquidation after receiving the money on this note, and afterwards, and to cure any possible defect in the transfer, the president of the First National Bank and the liquidation agent of the First National Bank executed another transfer to the note to these plaintiffs, after they had paid the balance due to the Tennessee Valley Bank. All of this testimony was relevant only to show that these plaintiffs had paid the balance due on the note to the rightful holder of the note. Whether the money was due to the Allen County National Bank or to the First National Bank is of no moment, so that the payment went to the one or the other to which it was due. The defendant and plaintiffs being liable, when the plaintiffs paid the amount due, the transfer was ipso facto accomplished, and they were authorized to maintain suit.

Stripped of all technical questions, it appears that the plaintiffs and defendant who were jointly interested in the Sir Barton Oil Company, a corporation, indorsed the note of the corporation for obtaining, and upon such indorsement did obtain, credit from the Allen County National Bank in the sum of $2,000. When this note became due, it was not paid, but was extended by a renewal. When this renewal came due, the plaintiffs paid two-thirds of the amount, and sought to have the remainder collected out of defendant. In this they failed, and defendant refused to pay. Thereupon plaintiffs paid the remainder, and bring this suit.

There can be no doubt that the parties were jointly as well as severally liable as indorsers; that as between themselves they were bound as principals for one-third of the note and as sureties for the other two-thirds; that, upon payment by them of the amount due on the note, the note with all rights thereunder became ipso facto transferred to the plaintiffs; that, as cosureties, they were also entitled to contribution; that, under the evidence, the cause is governed by the lex fori and not the laws of Kentucky. With these principles in mind, and under the undisputed evidence, the plaintiffs were entitled to recover the amount found by the court to be due.

It further appears from a reading of the entire record that under any phase of the testimony the plaintiffs were entitled to a verdict. It therefore follows that any errors which the court might have committed were and are without prejudicial error to defendant.

Let the judgment be affirmed.

Affirmed.