116 So.2d 397

### Ex parte UNITED SECURITY LIFE INSURANCE COMPANY.

4 Div. 412.

Court of Appeals of Alabama.

Dec. 1, 1959.

S. P. Keith, Jr., Birmingham, for petitioner.

Donald F. Colquett, Opp, for respondent.

CATES, Judge.

This is an original action praying that we issue a writ of mandamus to the Honorable F. M. Smith, Judge of the Circuit Court of Covington County.

The petitioner complains that its written demurrers timely filed with the Covington Circuit Court (in a cause there made) were treated as a nullity by the respondent because they were not signed. Thereafter respondent judge granted the plaintiff a default judgment.

Because of the rule set forth in Douglass v. Orman, 22 Ala.App. 518, 119 So. 601, we considered the petition showed, prima facie, a cause of action, hence we ordered the rule nisi to issue returnable November 10, 1959.

After demurrer, answer and a hearing, the proceeding for mandamus was taken under advisement. On argument, we pointed out to counsel that we doubted the efficacy of a stipulation filed below reading:

"Both counsel in this cause did in the Spring of this year and before the filing of the petition for a rehearing agreed to the waiving of the time limit for filing under the four months statute. Counsel for plaintiff did at that time waive any right or authority to object to filing said petition for rehearing after the lapse of four months from date of rendition of judgment herein and does now waive any irregularity or defect as to time for filing within four months as required by the four months statute."

To set aside the default judgment, United Security did not proceed under Code 1940, T. 7, § 276, nor as contemplated by T. 13, § 119, but instead applied under T. 7, § 279, the four months statute. Hence, we must consider whether or not the time limit may be waived. The section in question reads:

"When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing at any time within four months from the rendition of the judgment."

Formerly, the power of a court to revise its judgments ended with the term of rendition. Terms of court having been abolished (Code 1940, T. 13, § 114), this power can be invoked under § 119 by (1) a motion (a) filed in the clerk's office within thirty days of rendition of judgment, (b) presented to the judge in the same time (or sixty days if he be nonresident); and (2) entry (within thirty or sixty days as

proper) of an order continuing the hearing of the motion to a day certain.

In Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290, no order of continuance was entered: the jurisdiction of the court ended with the lapse of thirty days. Pate v. State, 244 Ala. 396, 14 So.2d 251, 255 (reversing, 31 Ala.App. 219, 14 So.2d 246), held, where the motion was timely filed with the clerk but tardily brought to the judge's attention, "the jurisdiction and power * * * to entertain * * * the motion for new trial never attached, and having never existed, it cannot be revived by waiver."

"The order of March 1, 1954 also recites the fact that on that day the parties appeared. That means all the parties. No objection is noted to the judge hearing the motion on that day. But the court had lost jurisdiction by the failure to enter an order within thirty days continuing it for hearing at a future day as required by the statute, supra. This Court has held that under those circumstances the parties cannot confer jurisdiction by consent. Pate v. State, 244 Ala. 396, 14 So.2d 251.

"So that, the order of the court overruling the motion for a new trial was beyond the jurisdiction of the court and was void and not subject to review. * * * "—Central of Georgia Ry. Co. v. McDaniel, supra [262 Ala. 227, 78 So.2d 291].

◼ The four months statute (§ 279, supra) under which United Security sought a rehearing confers a cause of action unknown to the common law and one which is independent of the action the applicant wishes restored to the docket. The wording of the section is such that the four months time therein is of the essence of the action.

Thus, 34 Am.Jur., Limitation of Actions, § 7, reads in part:

"* * * A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. * * * "

Our wrongful death (or homicide) statute (Code 1940, T. 7, § 123) has been so construed in Louisville & N. R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681, 682:

"* * * This period of two years is of the essence of the * * * right of action, and the plaintiff has the burden of affirmatively showing that his action was commenced within the period provided. * * * "

Further analogy of time being of the essence rather than its lapse being a defense is found in the decisions on will contests before probate. We quote from Ex parte Pearson, 241 Ala. 467, 3 So.2d 5, 6:

"In the instant case the final decree probating the will was entered on April 17, 1940, and the alleged contest was not filed until October 11, 1940. Under the statute, * * * the Probate Court had exhausted its jurisdiction and had no authority to receive and file the alleged contest.

"The jurisdiction of the Circuit Court as a court of equity is also statutory and limited, and that jurisdiction can only be quickened into exercise, 'by bill in equity' filed in the Circuit Court, by a person who has not contested and is interested in the estate of the decedent if the will is set aside, within 'six months after the admission of such will to probate.' * *

" * * * the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute. * * *"

■ We consider the application for rehearing was filed too late, [1] and this omission kept jurisdiction from attaching. Accordingly, we cannot order the court below to entertain it at law.

■ Finally, Skelton v. Weaver, 266 Ala. 335, 96 So.2d 288, shows that a judge's failure to rule on a demurrer is an omission chargeable to the demurrant. The petition here is silent as to whether the circuit clerk notified United Security's attorney of the trial docket as provided in Code 1940, T. 7, § 249.

The answer took issue on this point by alleging that petitioner (after notice of call of the appearance docket) was not in court November 5, 1958, when judgment by default was rendered.

Since we conceive the court below had no jurisdiction of a motion for rehearing at law, we have not gone into the area of operation of Douglass v. Orman, supra, compared with that of Skelton v. Weaver, supra. Cf. also General Rule of Practice 4, Code 1940, Tit. 7 Appendix and Code 1940, T. 7, § 237.

Writ denied.

1. Marshall County v. Critcher, 245 Ala. 357, at page 359, 17 So.2d 540, at page 542: "The four months began to run

from the date the judgment by default was rendered and not the date of the execution of the writ of inquiry."