142 So.2d 269

**UNITED SECURITY LIFE INSURANCE COMPANY**

v.

**Jerry McKinley JONES.**

**7 Div. 672 and 673.**

Court of Appeals of Alabama.

June 5, 1962.

S. P. Keith, Jr., Birmingham, for appellant.

Scott & Scott, Fort Payne, for appellee.

PER CURIAM.

We have consolidated an appeal and an original action for mandamus.

On March 28, 1961, the trial court entered judgment nil dicit; and, on evidence on behalf of Jones, a jury awarded him $186.-21 under an insurance contract.

On April 11, 1961, United Security filed with the clerk of the trial court a motion to set the judgment aside. This motion was not presented to the trial judge within thirty days of rendition of the judgment, Thus, under Code 1940, T. 13, § 119, the court lost "all power over it [the judgment], as completely as if the end of the term had been on that day." Later the court (on a submission by agreement) purported to overrule this motion for rehearing.

The appeal is from the original judgment of March 28, 1961. Code 1940, T. 7, § 788, generally requires civil appeals to be taken within six months from the rendition of the judgment. The appeal was taken October 27, 1961, which is one month too late.

If the revisory jurisdiction is not timely invoked under § 119, supra (or other proper statute), then agreement or consent of the parties is of no avail. Pate v. State, 244 Ala. 396, 14 So.2d 251; Ex parte United Security Life Ins. Co., 40 Ala.App. 506, 116 So.2d 397, Hence, the order overruling the motion to set the judgment aside was void because the motion was not lawfully before the court.

Jones's motion to dismiss the appeal (7 Div. 673) because of tardy filing must be sustained. Also we could dismiss for lack of assignments of error. Dobson v. Deason, 258 Ala. 219, 61 So.2d 764.

There is authority that mandamus—not appeal—is the mode to review an order disposing of a motion to set aside a judgment nil dicit or by default. Breckenridge v. Leslie, 270 Ala. 23, 115 So.2d 493.

United Security averred that at that time it "had no other attorney representing it"; that he was engaged March 27 through March 31. 1961, in the trial of actions in Birmingham before Hon. Whit Windham,

one of the judges of the Tenth Judicial Circuit. Under § 20 of Act No. 637, September 18, 1957, the DeKalb Superior Court was held at the Courthouse in Ft. Payne some ninety miles from Birmingham.

United Security contends that the trial judge abused his discretion in not granting its motion to set aside the verdict and judgment and restore the cause to the docket. It bases its claim on the per curiam opinion appended to Justice Brown's opinion in City of Birmingham v. Goolsby, 227 Ala. 421, 150 So. 322.

In that case the late Hon. Horace Wilkinson was trial counsel for the city in defending a number of sewer nuisance or negligence suits in the Jefferson Circuit Court. That court then had ten judges. In Goolsby we find:

"When the case was called for trial on June 15, 1931, the plaintiff announced ready for trial, and the court was informed that defendant's attorney, Judge Wilkinson, was engaged in the trial of a case before Judge McElroy's division. The court sent for Judge Wilkinson, and informed him that plaintiff had announced ready for trial, and asked if the city was ready. 'Judge Wilkinson announced that he was ready, except for the fact that he was engaged in the trial of a case before Judge McElroy, which had come over from the previous week, and that in his opinion it would take several days longer to try that case, or to complete the trial of that case.' The court then stated, when the case was set before [June 8, 1931], he had informed defendant's counsel that he (the court) would set it specially for this date, and informed defendant's attorney at the time that he must either be ready or have some one there to represent the city, and defendant's attorney stated he intended to be ready, and was ready, but that he had been called in the trial of this case before Judge McElroy and had not completed the trial of it. The court then stated that the

plaintiff was ready and he would have to proceed with the trial of the case." (Bracketed matter added.)

Then Judge Wilkinson testified as to his engagement in the other trial. See Code 1940, T. 13, § 163 et seq. The opinion continues:

"The court thereupon overruled the defendant's motion to hold the case over for trial until the case on trial before the other division in which defendant's counsel was engaged was completed, and the defendant reserved an exception.

"Defendant's attorney then left the court and resumed the trial of the other case. The court thereupon overruled the defendant's motion to quash the service on defendant, sustained the demurrers filed by the county of Jefferson, allowed the plaintiff to amend the complaint eliminating Jefferson county as a defendant, and entered a judgment nil dicit against the City of Birmingham, with writ of inquiry to ascertain the damages. Thereupon a jury was impaneled, and after verdict ascertaining the damages, judgment final was entered.

"Thereafter the defendant made a motion to set aside the judgment nil dicit, and the verdict of the jury, on the grounds that the court had grossly abused his discretion in refusing to postpone the trial, and that the damages awarded were excessive. This motion was overruled and defendant excepted.

"The appeal here is from the judgment nil dicit and the order overruling the motion to set aside the judgment."

Consideration on the appeal was confined to the refusal of Judge Denson to pass the Goolsby case until conclusion of the trial in Judge McElroy's division of the Jefferson Circuit Court. The per curiam pronouncement is one of conclusion only, citing a New York and a Kentucky case. Anderson, C. J., and Bouldin, J., dissented but without opinion. *Semble* the case rests on T. 13, § 163 et seq., supra. Cf. City of Birmingham v. Banks, 228 Ala. 295, 153 So. 189.

In civil cases at law, there are generally three avenues of applying to the trial court for a revision of a judgment: (a) a common law motion for new trial; (b) a statutory motion for new trial (Code 1940. T. 7, § 276); and (c) an independent action commenced by petition under T. 7, § 279 et seq. (the four-months statute).

Thus it is permissible to treat a motion for a new trial which is filed too late as not coming within the thirty-day period prescribed by T. 13, § 119, as a petition under the four-months statute of T. 7, § 279. Ex parte Cox, 253 Ala. 647, 46 So.2d 417.

We consider, from a chronological point of view, the matter presented to the trial court here could only have been entertained under § 279, supra. However, it is a requisite that not only must the petition under the four-months statute be sworn to (as was done here), but it must also aver a meritorious defense to the complaint upon which the judgment sought to be set aside is founded.

In the instant case, the averment is as follows:

"4. Defendant avers that it has a bona fide and meritorious defense to this action in that Plaintiff's hospital confinement and loss was the result of a condition which originated before his policy lapsed *and before it was reinstated* on to-wit: September 30th, 1958." (Italics supplied.)

Pretermitting the sufficiency of this allegation and pretermitting also the failure of Jones to demur thereto (Ex parte Atkinson, 40 Ala.App. 664, 120 So.2d 923), we have examined the record upon which

the motion to set aside the judgment was submitted and fail to find where any evidence on behalf of United Security was adduced before the trial judge.

In such circumstances, we must assume that the motion was submitted upon the evidence presented upon the writ of inquiry.

This evidence we have examined from the point of view of the above quoted averment of meritorious defense and we fail to find in the transcript of testimony anything other than the following excerpt from the policy issued Mr. Jones by United Security, which provides in effect as follows:

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by its duly authorized agents, shall reinstate the policy, but only to cover loss resulting from accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

There is no evidence which would bring the quoted policy provision into operation, inasmuch as there was no testimony before the jury that the policy had ever lapsed. Accordingly, we must consider the motion to set aside the judgment as failing to meet the standards of T. 7, §§ 279 and 280, in that while, if we were to concede that the averment of a meritorious defense is sufficient, nevertheless to demonstrate that the trial court has abused its discretion, the petitioner must not only so aver but also prove a meritorious defense. Vestavia Country Club v. Armstrong, 271 Ala. 294, 123 So.2d 130.

In closing, we wish to pay respect to the candor and frankness of counsel for petitioner in bringing his problem to the court on oral argument.

Nevertheless, we are clear to the conclusion that if the motion referred to were treated as having been filed under the four-months statute, yet on the proof presented, we see no abuse of discretion by the trial court.

Appeal in No. 673 dismissed.

Writ of mandamus in No. 672 denied.