LUCY E. WOLF, Appellant, v. SHENANDOAH NATIONAL BANK, Appellee.

1. **Original Notice:** ABSCONDING DEBTOR: SUBSTITUTED SERVICE. Where an absconding debtor leaves his home, and never returns, service of original notice cannot be had upon him by leaving a copy thereof with his wife at the debtor's homestead, which the wife continues to occupy.

2. ———: DECREE: DIRECT ATTACK. A decree based upon such service, and which recites that notice of suit was lawfully served, will be set aside in an action to enjoin its enforcement.

*Appeal from Page District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION in chancery to enjoin and restrain the collection and enforcement of a decree and a personal judgment against the plaintiff, rendered in an action to foreclose a mortgage upon her homestead. The cause was tried upon its merits, and a decree rendered deny-

ing the relief prayed for by the plaintiff, but declaring the personal judgment was rendered against the plaintiff without jurisdiction, and therefore is void, and that it be canceled and set aside. The plaintiff appeals. *Reversed.*

*W. P. Ferguson*, for appellant.

*C. S. Keenan*, for appellee.

BECK, C. J.—I. The pleadings and evidence show the following facts either are undisputed or clearly established by the proof. Other facts found in the abstract need not be stated, as they are not involved in the point upon which the case is decided. The plaintiff's husband, holding the title to an undivided interest in certain lands, executed a mortgage thereon November 7, 1882. The lands were subsequently partitioned, and the land in controversy, nineteen and twenty-five hundredths acres, being occupied by the plaintiff and her husband as a homestead, was set apart with other land to the husband. The plaintiff joined in the execution of the mortgage but not of the note. The plaintiff's husband, having become involved in financial embarrassments growing out of large indebtedness, and being accused of crimes, absconded from his home, November 10, 1882, and has never returned, nor has he been seen by the plaintiff since that date. She had letters from him for three or four years, but since that time has heard nothing from him. It is not shown that his whereabouts have been known since that time, or that since he absconded he has been at any time in this state. On the 10th day of November, 1883, a year after he absconded, this action was commenced, and service of notice made upon him by leaving a copy with the plaintiff, who resided on the homestead in controversy. The notice was also served upon her, informing her that no personal judgment was claimed against her.

II. It clearly appears that the plaintiff's husband, when the service was made upon her, was not residing on the land, and that the homestead in question was not his place of residence in any sense. He had not been a resident there for a year. Surely, one who leaves his home as a fugitive from justice, and never returns, cannot be regarded as a resident of his home, which he left in the occupancy of his wife. While the presumption may arise that his residence is with his wife, yet it may be overcome by evidence. *Schlawig v. De Peyster*, 83 Iowa, 323. An absence from his wife as a fugitive from justice for one year, without any proof of a purpose on his part to return, overcomes the presumption of residence with the wife. A different rule would impose hardship upon the defendant, the wife or family, while the rule we recognize can defeat no right held by a creditor who may have a remedy by a proceeding *in rem* when the fugitive from justice or the party abandoning his home leaves property, as in this case.

1. ORIGINAL notice: absconding debtor: substituted service.

III. Notwithstanding the decree recites that the notice was lawfully served upon the husband, the contrary may be shown, and when established in a direct proceeding the judgment will be set aside. *Newcomb v. Dewey*, 27 Iowa, 382; *Stone v. Skerry*, 31 Iowa, 582.

2. ——: decree: direct attack.

IV. The decree of the court below is against the plaintiff personally, notwithstanding she did not sign the note, and no judgment is claimed against her, and the notice so informs her. The district court by its decree set aside the personal judgment against the plaintiff, of which the defendant makes no complaint. The decree of the district court thus far will be affirmed, and the decree in all other respects will be reversed.

The cause will be remanded to the court below for a decree in accord with this opinion, or, at the plaintiff's option, such a decree may be entered in this court. REVERSED.