## S. M. Coles v. M. Thompson.

### No. 389.

1. **Special Judge.**—The powers of a special judge terminate when the occasion for his existence has ceased.

2. **Defamatory Words Libellous, When.**—Defamatory words applied to a minister of the gospel, calculated to directly affect his professional standing and occupation, are libellous per se.

3. **Same—Actionable.**—To say of a minister of the gospel that he is devoid of moral principles, is defamatory and is actionable, if actual damages, as a proximate result of their publication, resulted to plaintiff.

4. **Damages Accruing After Filing Suit Recoverable, When.**—When the plaintiff pleads the effects of the publication as existing and continuing, evidence of damages accruing after the suit was filed is admissible.

5. **Burden to Prove Truth of Words.**—The onus of proving that the words are true is on the defendant. The falsehood of the defamatory words is presumed in plaintiff's favor, and he need give no evidence to show they are false.

6. **Excessive Judgment.**—See opinion for facts to show the judgment is not excessive.

APPEAL from Bee.   Tried below before Hon. S. F. Grimes.

*G. R. Scott & Bro.* and *Dugatt & Minus,* for appellant.

No briefs for appellee reached the Reporter.

JAMES, Chief Justice.—Appellee brought this suit in Karnes County to recover damages of appellant for libel. Plaintiff was the pastor of a colored Congregational church at Helena, and he had charge of the Congregational church at Goliad, where he preached once a month. Jack Lott was a member of the Goliad church, but contributed to said pastor's salary at the Helena church.

It seems that a scandal had occurred and become the subject of investigation in the colored Congregational church at Corpus Christi, involving one Strong in a charge of seduction and murder. The defendant was an intimate friend of Strong, who was pastor of the church at Corpus Christi, and supported him in his trial. The defendant Coles acted as moderator at the trial, and afterwards wrote to Jack Lott a lengthy letter giving a detailed account of what developed there against Strong, which letter, we may say, was, and was intended to be, an argument that had a decided tendency to convince one that Strong was guilty of said offenses, and that Strong's statements and explanations upon that trial were untruthful. The letter concludes with the following paragraph:

"Now, these are some of the main facts; you can judge for yourself. I understand your pastor has been misrepresenting our church. He made himself ridiculous here. Put him and Strong in a sack to-

gether, which would tumble out first? Both are void of judgment, reason, or moral principles. You may read this letter to all you wish."

The letter was read by and to others to a considerable extent in the neighborhood of plaintiff's churches, and plaintiff, being the person referred to by said paragraph, sues for damages by reason of its derogatory references to him.

The record shows, that the district judge presiding in Bee County when the cause was removed there entered his disqualification, and the Hon. G. W. L. Fly was regularly agreed on by the parties as special judge, and qualified as such, and had previous to the trial term made orders in the cause.

At this term the disqualified judge had been regularly succeeded in office by another judge, before whom the trial was had.

The defendant objected to the trial taking place before the district judge, on the ground, as assigned, that "the appointment of the special judge was in force, never having been revoked, altered, or changed by the parties to the cause."

We are referred to no authorities, and we find none in the courts of this State, relative to the duration of the special judge's powers when the judge by reason of whose disqualification the special judge came to be appointed has gone out of office and another elected who is not disqualified.

We are of opinion, that on principle the powers of a special judge terminate when the occasion for his existence has ceased.

There can be no substantial reason why the district judge should not proceed to hear and determine any cause on the docket of his court, where no cause exists disqualifying him from so doing.

If the special judge had proceeded and tried this cause, there is authority for holding, under certain circumstances, that his judgment would not be reversed on appeal; and it seems well established that his judgment would not be held void in any case on collateral attack; in such cases the act of the special judge has been given effect as done colore officii. The case before us, however, was tried by the regular judge of the court in which the cause was pending, who was free from any disqualification, and our opinion is, that it was within his constitutional power to proceed and try the cause.

The second assignment of error insists that the letter upon which the action is founded was a privileged communication. The feature of the letter prompting the reading of it to all the addressee desired, would remove it from any privilege that may have pertained to it, if the suggestion was observed and the contents of the letter disseminated, which the evidence shows was done.

The fourth assignment complains of the finding by the court that defendant was pastor of the church in Nueces County, when the evidence showed him to have been only moderator on one occasion, and

urges that this erroneous finding was calculated to influence the court in the matter of punitory damages, because of the standing of defendant.

This assignment affects only the exemplary damages allowed, and if these are excessive on the facts as they are, we can remedy it by re-forming the judgment.

The district judge concluded that the letter was libellous as to plaintiff, and adjudged him $60 actual and $440 exemplary damages.

Defamatory words applied to an established minister of the gospel calculated to directly affect his professional standing and occupation, would seem according to the authorities to be libellous per se. But it is not necessary for us in this case to so hold. Cool. on Torts, p. 196.

The paragraph of the letter referring to plaintiff may not necessarily be construed as charging him with being as capable of committing the crimes of seduction and murder as Strong, but similarity of the persons was clearly and directly charged to be in respect to the want of judgment, reason, or moral principles.

To say of a person of plaintiff's calling that he is devoid of moral principles is defamatory. The words were undoubtedly actionable, if actual damages as a proximate result of their publication resulted to plaintiff. The evidence shows, that pecuniary loss was sustained by him in the matter of support and contributions to him from members of his denomination from this cause, between the time it was published and the date of the trial, in an amount at least equal to what was allowed as actual damages. Odgers on Libel and Slander, Bigelow's ed., p. 308.

Appellant claims it was error for the court to consider any items of damage that accrued after the suit was filed, citing Zapp v. Michaelis, 58 Texas, 270. In that case, the pleadings of the plaintiff expressly excluded any claim for damage except what had accrued at the time his petition was filed. In this case, plaintiff pleads the effects of the publication as existing and continuing. Proper pleading may have required more specific allegations as to the special damages sustained, but no exceptions were made to the petition. Evidence of damage accruing after the suit was filed was introduced without objection, and was properly considered. The judgment for actual damages will be sustained.

There was no attempt on the part of the defendant to prove the truth of the imputations contained in the letter. The onus of proving that the words are true lies on the defendant. The falsehood of the defamatory words is presumed in plaintiff's favor, and he need give no evidence to show they are false. Odgers on Libel and Slander, p. 169.

The court doubtless concluded they were malicious because of their falsity, and because defendant in the letter prompted its dissemination. The inference of malice was permissible. Bradstreet v. Gill, 72 Texas, 121; Holt v. Parsons, 23 Texas 21; Behee v. Railway, 71 Texas, 428.

In cases of slander and libel, the question of exemplary damages is largely in the discretion of the jury. The exemplary damages allowed in this case would in some instances be rejected as out of proportion to the amount of actual damages. Willis v. McNeill, 57 Texas, 478; Railway v. Tel. Co., 69 Texas, 281. But there is and can be no fixed ratio as to such damages. The exemplary damages assessed are not so large as to appear unjust, or as indicating prejudice or passion, and we will not interfere with the discretion exercised by the district judge.

The judgment will be affirmed.

*Affirmed.*

Delivered June 6, 1894.