No. 12,398.

STATE EX REL. ELLEN JOHNSON VS. JUDGES LEAKE AND THOMPSON, OF THE FOURTH CIRCUIT COURT.

Where after the selection of a member of the bar to aid in the decision in respect to which the judges of the Court of Appeals disagree, one of the disagreeing judges retires and his successor enters on the duties of the office, the functions of the selected member of the bar ceases. He must act with the two judges and can not act at all unless they disagree. Constitution, Art. 101; Amendment Acts 1882, No. 125, p. 174.

ON APPLICATION for Writs of *Certiorari*, Prohibition and *Mandamus*.

---

*W. B. Kemp* and *O. N. Ogden* for Relatrix.

---

Respondent *in propria persona*.

---

Submitted on briefs January 23, 1897.
Opinion handed down February 1, 1896.

---

The opinion of the court was delivered by

MILLER, J.   The relatrix seeks to restrain the judges of the Circuit Court of Appeals for the Fourth Circuit from proceeding in the

trial of an appeal from the judgment she recovered in the District Court for the parish of Tangipahoa.

The relatrix avers that on that appeal the judges of the Circuit Court disagreed, one of them being of opinion the judgment of the lower court should be affirmed, the other that the judgment should be reversed; that thereupon, in accordance with the Constitution, they selected a lawyer to aid in the determination of the case, the order for his appointment being spread on the minutes; that subsequently the term of office of one of the disagreeing judges having expired, his successor was appointed, who is now acting; that no decision having been reached in the case at the recent term of court, the rule was taken by defendant in the appeal to set aside the order appointing the member of the bar to act as judge, and at this point the relatrix conceiving that the order of the lower court for the appointment of the member of the bar could not be revoked, made the present application to this court.

The judicial function is to be performed by the judges elected or appointed, except when they can not agree; when that occurs, instead of allowing the judgment of the lower court to stand, the rule when this court was composed of four and that of the courts of appeal, until changed by the constitutional amendment, there is now the provision that a member of the bar shall be selected to aid the disagreeing judges of the Court of Appeals. Const., Art. 101; Amendment Acts 1882, p. 174, No. 125. This displacing of the judge to secure a decision arises from the necessity then existing. But if before any decision is reached in the case, to aid in the decision of which the member of the bar is called upon, that necessity ceases by the election of the judge to supersede one of the disagreeing judges, it is difficult to perceive any reason for the continuance of the functions of the member of the bar. It is urged in this case that the opinion of the superseded judge having been favorable to the relatrix, that fact entitles her to demand that the member of the bar shall continue in his functions. It is quite as apt to occur in a case like this that the opinion of the retiring judge would be against the litigant. Whether the case shall be determined by the two present judges, between whom there is as yet no disagreement, or with the aid of a member of the bar selected when in the then constitution of the court there was a failure to agree, is, it seems to us, not at all dependent on the opinion that may have been formed by

the retiring judge. It is simply the disagreement of the two judges, not their respective opinions, that affords occasion for the interposition of another to aid in determining the controversy. Nor is it apparent that the litigant in this case is in any worse condition by referring her suit to the incoming judge. If the member of the bar could be deemed competent to act, and the incoming judge entitled to no participation, the opinion of the member of the bar, if in conformity with that of the judge, would give the relatrix the judgment. Her fate would thus rest with the member of the bar. If he disagree with the judge, the incoming judge being excluded, she would get no judgment, for there is no legal contemplation of a disagreement between one judge and the member of the bar. .He is to act with two, not one judge. Amendment to the Constitution, Art. 101, Acts. 1882, p. 174, No. 125. On the other hand, if the member of the bar is excluded because by the election of a judge since the disagreement of the court, then the litigant secures the aid of the new judge unbiased by any previous opinion; if he agrees with the other judge, the litigant is in the same condition as if the member of the bar had acted and concurred. And if the two judges disagree, then a final determination can be secured by selecting a member of the bar. It is further contended that the member of the bar once selected he becomes the umpire; that the power of the court with respect to the case is exhausted. The answer to this argument is the member of the bar is not an umpire. He is to concur with one or other of the judges. If in this condition of this case, the participation of the incoming judge was denied and there should be no concurrence of the other judge and the member of the bar, there could be no decision, for there is no umpirage known to the Constitution to adjust a difference between the member of the bar selected and a single judge. In our opinion the member of the bar chosen under Art. 101 of the Constitution as amended can act only in concurrence with the two judges of the Court of Appeals and can not act at all, unless the judges disagree. The functions of the member of the bar selected in this case, when the disagreement existed, ceased necessarily, when one of the disagreeing judges retired and his successor was elected.

The orders for the writs herein applied for are set aside and the application is denied.