(76 South. 372)

Ex parte CITY BANK & TRUST CO.

(1 Div. 997.)

(Supreme Court of Alabama. June 28, 1917.)

1. COURTS ☞488(1) — REMOVAL OF CAUSES ☞97—EFFECT.

Where an action pending in a state court is removed to another state court or to a national court, any attempted subsequent action therein by the first tribunal is beyond its jurisdiction.

2. COURTS ☞54—JURISDICTION—CONSOLIDATION OF COURTS—STATUTE.

After the consolidation of the law and equity court of Monroe county at midnight, January 14, 1917, with the circuit court, by Gen. Acts 1915, p. 279, the regular judge of the law and equity court had no jurisdiction over causes pending therein.

3. JUDGES ☞15(1) — INCOMPETENCY — APPOINTMENT OF SPECIAL JUDGE—CONSOLIDATION OF COURTS—STATUTES.

Under Gen. Acts 1915, p. 279, consolidating the law and equity court of Monroe county with the circuit court at midnight January 14, 1917, section 3 providing that all causes pending in the law and equity court should proceed to final judgment in the circuit court as though begun therein, the circuit judge in office not being incompetent to try and render judgment in a cause begun in the law and equity court of Monroe county, when the court was consolidated with the circuit court January 15, 1917, there was no room for the operation of Const. 1901, § 160, and Code 1907, § 4627, providing that a special judge or chancellor selected and appointed by agreement of counsel in case of the incompetency of the judge of the court shall sit as a court and render judgment, etc.

4. JUDGMENT ☞346—VOID JUDGMENT—VACATION ON MOTION.

Any void judgment may be vacated on motion.

5. JUDGMENT ☞957—IMPEACHMENT BY EVIDENCE DEHORS RECORD.

In a mandamus to compel a circuit judge to reinstate a decree rendered by a special chancellor granting new trial in an equity cause formerly pending in the law and equity court of Monroe county, a court consolidated with the circuit court by Gen. Acts 1915, p. 279, the ex-chancellor was properly permitted, against petitioner's objection, to testify that he wrote the decree in pencil January 14, 1917, on midnight of which day the law and equity court passed out of existence, dated it January 13th, and left it to be copied by his clerk, who did so the next day, when the judge signed it, and handed it to the register in chancery, who filed it as of that date, January 15th, the effect of the testimony not being to impeach the judgment by matter dehors the record, but to show that in fact and in law such a judgment was not rendered by the court.

Petition for mandamus on behalf of the City Bank & Trust Company against Circuit Judge Turner. Mandamus denied.

C. J. Torrey, of Mobile, for appellant. Hare & Jones, of Monroeville, for appellee.

THOMAS, J. The petition is for mandamus to compel Circuit Judge Turner to reinstate the decree rendered by the special chancellor, granting and decreeing a new trial in a certain equity cause entitled, City Bank & Trust Company v. J. B. Du Bose, formerly pending in the law and equity court of Monroe county, which decree was declared null and void by Circuit Judge Foster.

[1] The contention of the respondent is that the authority of the chancellor of the law and equity court ceased when that court passed out of existence at midnight, January 14th, and that any decree rendered by him after that date was coram non judice and void. The question for decision is like unto that involved where the tribunal, which had undoubted jurisdiction of the cause at a certain stage, loses that jurisdiction at a subsequent stage of the proceedings, as illustrated by an action pending in a state court, and thereafter removed to another state court or to a national court, divesting the jurisdiction of the first court. In such a case any attempted subsequent action by the first tribunal is coram non judice. Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87; Railroad Co. v. Koontz, 104 U. S. 14, 26 L. Ed. 643; 10 Rose's Notes, U. S. Rep. 102, 358.

[2] It must be conceded that the law and equity court of Monroe county passed out of existence at midnight on January 14, 1917, and that the regular judge of said court had no jurisdiction over pending causes therein after the consolidation of that court with the circuit court. Gen. Acts, 1915, p. 279; Ex parte State ex rel. Attorney General, 73 South. 101, 197 Ala. 570.

The chancellor was not selected and appointed by agreement of counsel to try said cause; the "incompetency" of the judge of the court to hear and try the issues being admitted, the register in chancery appointed the special chancellor pursuant to the provisions of section 160 of the Constitution and of section 4627 of the Code. Among other

things, it is there provided that such special judge or chancellor so appointed by the clerk or register shall "sit as a court," and "hear, decide, and render judgment in the same manner and to the same effect as such incompetent chancellor or judge could have rendered but for such incompetency."

The legality of the acts of the special chancellor must be tested, as would be those of the regular judge of the law and equity court of said county. That court had ceased to exist, by operation of law, being consolidated into the circuit court, and it was declared in the consolidation act that:

"All causes, or proceedings of every kind pending in any court hereby consolidated into the circuit court shall proceed to final judgment therein as though they had begun in the circuit court in the first instance." Acts 1915, p. 279, § 3.

[3] The circuit judge in office, not being incompetent to try and render judgment in the cause on January 15, 1917, there was no room for the operation of section 160 of the Constitution or section 4627 of the Code. This was the conclusion of the Arkansas court, where Mr. Justice Oldham declared that the commission of the special judge—

"expires with the reasons which caused it to be issued. * * * The commission of the special judge is but the incident to that of the regular officer, and must follow and expire with its principal, and therefore, when Judge Caldwell went out of office, the commission of the special judge ceased to exist, as a valid commission, and he became functus officio. The successor of Judge Caldwell became the proper officer, under the Constitution, for the trial of those causes, which, in consequence of the disability of his predecessor, had been referred to the special judge. It was never intended that there should be two judges in every respect competent and qualified, under the Constitution, to preside in the same court, for the trial and determination of the same cause, at the same time." Caldwell's Adm'r v. Bell & Graham, 6 Ark. 227, 234; Coles v. Thompson, 7 Tex. Civ. App. 666, 27 S. W. 46.

The same conclusion was reached by the Louisiana court, where, under a provision of the Constitution, a member of the bar had been selected to sit in a cause in which the judges of the Court of Appeals were unable to agree, and before decision one of the disagreeing judges was succeeded in office by a regular judge who was qualified to decide the cause. State v. Judges, etc., 49 La. Ann. 337, 21 South. 520.

[4] It should be borne in mind that in the instant case, there is no question of usurpation or excess of jurisdiction (Buchanan v. Thomason, 70 Ala. 401; Baker v. Barclift, 76 Ala. 414) by a lawfully constituted court or its officials, where the invalidity of the judgment must be apparent on the face of the record and may not be shown by matter extrinsic, but of usurpation of power on the part of a former official of a court that had ceased to exist by operation of law. For after midnight of January 14, 1917, the law and equity court of Monroe county and its judge and the special chancellor ceased to exist as a court and as officials. Any decree, though rendered by either of such ex-officials, under color of his former office, was void (State ex.rel. Claunch v. Castleberry, 23 Ala. 85; Bank v. St. John, 25 Ala. 566; Hine v. Hussey, 45 Ala. 496, 506; Davis v. State, 46 Ala. 80; 1 Freeman on Judg. [4th Ed.] 146; 23 Cyc. 600, § 3, and authorities), and any void judgment may, on motion, be vacated (Baker v. Barclift, supra, 76 Ala. 417; Merrick v. City of Baltimore, 43 Md. 219; Wharton v. Harlan, 68 Cal. 422, 9 Pac. 727; United States v. McKnight, 1 Cranch, C. C. 84, Fed. Cas. No. 15,695; Murray v. Derrick, 101 Ga. 113, 28 S. E. 616; Wolf v. Bank, 84 Iowa, 138, 50 N. W. 561; Coleman v. Floyd, 131 Ind. 330, 31 N. E. 75; 1 Black on Judg. [2d Ed.] § 328, p. 506).

[5] The circuit court properly permitted the ex-chancellor, against the objection and exception of the petitioner, to testify as a witness, that he wrote the decree in pencil on Sunday, January 14, 1917, dating it January 13th, and left it on his desk to be copied by his clerk, who on the morning of the 15th of January copied the same on the typewriter, and that he then signed the decree and handed it to the register in chancery, who filed it as of that date, January 15, 1917. The effect of this testimony was not, by matters dehors the record, to impeach the judgment of a court, regular on its face and protected by the presumptions indulged in favor of the correctness of such judgments; but to show that in fact and in law such a judgment was not rendered by the court, and that no official in office had assumed to exercise jurisdiction in the matter of the rendition of such purported judgment. This conclusion is supported by analogous decisions to the effect that it may be shown by parol that a purported bill of exceptions is not authentic, or was not signed by the official within his territorial jurisdiction (L. & N. R. R. Co. v. Malone, 116 Ala. 600, 22 South. 897; Ex parte Walker, 149 Ala. 637, 43 South. 130; Rainey v. Ridgeway, 151 Ala. 532, 43 South. 843; Baker v. Central Co., 165 Ala. 466, 51 South. 796; Buck Creek Co. v. Nelson, 188 Ala. 243, 66 South. 476), or that a certificate of acknowledgment to a conveyance was made without having jurisdiction of the parties (Qualls v. Qualls, 72 South. 76;[1] Chattanooga v. Vaught, 143 Ala. 389, 39 South. 215; Parrish v. Russell, 172 Ala. 1, 55 South. 140; Gilley v. Denman, 185 Ala. 561, 64 South. 97).

The decisions in Briggs v. Tennessee Coal, Iron & Railroad Co., 175 Ala. 130, 57 South. 882, and Pettus, Adm'r, v. McClannahan, 52 Ala. 55, are not contrary to the conclusion here reached. In each of those cases the judgment sought to be impeached by parol was that of a lawfully constituted court, and one entered of record within a regular term of the court. It is sufficient to say that such was not the case presented by this petition for mandamus. See Wynn v. McCraney, 156 Ala. 630, 46 South. 854; Campbell v. Beyers, 189 Ala. 307, 66 South. 651.

[1] 196 Ala. 524.

The case of Hamill v. Gibson, 61 Ala. 261, cited by petitioner, has no application, in that the decision there rendered was within the time or the terms of the agreement for submission.

We are of opinion that the writ of mandamus should be, and it is hereby, denied.

Mandamus denied.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.