87 So.2d 30

**Ex parte J. Foy GUIN et al.**

**8 Div. 846.**

Supreme Court of Alabama.

April 12, 1956.

Knabe & Nachman, Montgomery, for petitioners.

H. Neil Taylor, Russellville, pro se.

PER CURIAM.

This is an original petition for a remedial writ directed to Hon. H. Neil Taylor, Circuit Judge, directing him to vacate an order made by him as such circuit judge on November 22, 1955, suspending petitioners for a period of sixty days from practicing law in the circuit courts of the 31st Judicial Circuit and such other courts over which the circuit court may have superior judicial

power. A rule nisi was issued by this Court to the judge to show cause why he should not be prohibited from enforcing said order, and to suspend and stay all proceedings under it pending a hearing of their petition.

In response to said rule the judge submitted in this Court a motion to dismiss the petition alleging that he had made an order restoring to the petitioners the right to practice law before said courts and that his order dated November 22, 1955 had been set aside and held for naught.

▪ Petitioners in their brief insist that this motion is in no sense an answer to the rule nisi, and that the order vacating the suspension of petitioners was made without authority because this Court had suspended the judge's authority to do so. Petitioners claim that the order suspending them from practicing law denied them due process, in that, it was made without a charge being preferred, and without notice thereof and an opportunity to be heard. It is also alleged that the order was not made at the time when the offense was committed in the presence of the court. The remedy of petitioners is mandamus directed to the judge to vacate said order. Withers v. State ex rel. Posey, 36 Ala. 252.

▪ Petitioners cite cases which fully support their contention that an order of general suspension of a lawyer duly licensed to practice law, can be made only after a charge is preferred and a hearing had on sufficient notice with an opportunity to participate, even though for a cause which occurred in open court in the presence of the judge and which amounted to a contempt. Withers v. State ex rel. Posey, supra; Ex parte Robinson, 19 Wall 505, 22 L.Ed. 205; Bradley v. Fisher, 13 Wall 335, 20 L.Ed. 646; Bar Ass'n of City of Boston v. Sleeper, 251 Mass. 6, 146 N.E. 269. This is by virtue of his right to due process, and, as pointed out in the Withers case, it is different from a contempt order when the offense was committed in the presence of the court and the offender could be then and there summarily adjudged and

punished. The opinion in the Withers case referred to statutes which made provision for notice and a hearing. Notwithstanding these provisions have been omitted from the Code their omission does not affect the further holding in the case that due process requires notice and a hearing. The causes for a suspension, discussed in the Withers case were the same then as now. —Section 43(2), Title 46; section 50(3), Title 46; also section 51, Title 46, Code.

▪ While the petition may be sufficient to show a failure to accord due process for want of notice and the right to a hearing, the general rule is that the courts will not set aside a judgment, at the instance of defendant, on account of the failure of notice unless a showing is made that he had a meritorious defense to such a proceeding which he could prove if an opportunity had been extended to him. This rule applies whether relief is sought at law on motion,— Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108,—or by bill in equity. Hatton v. Moseley, 229 Ala. 240, 156 So. 546.

The petition in this case did not allege that petitioners were not guilty of the charge of misconduct alleged in the order of suspension, and made no claim that the misconduct there charged was not sufficient to justify the order.

▪▪ We think the allegation made in the motion of the judge to dismiss, that he had vacated and set aside the order of suspension and restored petitioners to the right to practice law is a sufficient return to the rule nisi. He had a right to make the order and it was his duty to do so or to show cause for not doing it. The vacation of that order is all the relief against the judge which is available to petitioners in this proceeding. There is no other reason why we should make a further order in respect to the petition than to dismiss it.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title

13, § 32, Code, and was adopted by the Court as its opinion.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.