120 So.2d 923

## Ex parte B. D. ATKINSON.

### 4 Div. 428.

Court of Appeals of Alabama.

May 24, 1960.

W. H. Baldwin, Andalusia, for petitioner.

Jas. M. Prestwood, Andalusia, for respondent.

CATES, Judge.

B. D. Atkinson has filed here an original petition for a writ of mandamus to the Honorable F. M. Smith, as Judge of the Covington Circuit Court. The purpose is for us to command the respondent to hold for naught an order by which he set aside a default and a judgment in a nonjury action on a note.

The default judgment was taken by Atkinson on November 6, 1959; the petition to set aside was filed some one hundred days later. After the passage of thirty days beyond judgment, the circuit court's jurisdiction can rest only on the four months statute, Code 1940, T. 7, § 279. Cf. Code 1940, T. 13, § 119; T. 7, § 276; Circuit Court Rule 11, Code 1940, Tit. 7 Appendix.

The pertinent allegation of the petition was—"to which suit your petitioner has a meritorious defense." Atkinson demurred. giving, among other grounds:

"4. The petitioner does not allege with sufficient certainty of what his meritorious defense to this suit consists.

"5. The petitioner does not allege with the certainty required by law of what his meritorious defense to this action consists."

The trial judge overruled the demurrer and restored the cause to the appearance docket.

We consider the demurrer should have been sustained. In Chastain & Lawrence v. Armstrong, 85 Ala. 215, 3 So. 788, 789, the court, per Somerville, J., said:

"The petition was fatally defective, * * * It failed to show that the petitioners, as defendants in the original suit, had a good and meritorious defense to the action. The averment of this general conclusion was totally insufficient. The facts constituting the supposed defense must be stated, so that the court may judge of their sufficiency. Dunklin v. Wilson, 64 Ala. 162. These the petition did not state, and the assignment of the demurrer based on that defect was properly sustained."

Accordingly, the writ will issue.

Writ granted.