175 So.2d 106

**Ex parte COVINGTON LAND COMPANY.**

**4 Div. 527.**

Court of Appeals of Alabama.

May 4, 1965.

W. H. Baldwin, Andalusia, for petitioner.

Griffin Sikes, Andalusia, for respondent.

CATES, Judge.

This is an original petition for a writ of mandamus. The prayer is that the respondent, Hon. F. M. Smith, Judge of the Covington Circuit Court, be ordered to vacate a judgment entered by him as such judge October 20, 1964. The effect of that judgment was to set aside a judgment entered in default of the appearance of the defendant.

The action below was on a waive note. The motion for setting the judgment aside was filed within thirty days of judgment and claimed that the defendant was led to believe by an officer of the plaintiff corporation that a judgment by default would not be taken against him. There was proof before the judge in support of this motion.

The principal contention is that there should be the pleading and proof of a meritorious defense before a judgment in default of appearance is set aside.

We hold that where the motion to set aside is filed in accordance with Code 1940, T. 13, § 119, it is not necessary for the movant to allege and prove a meritorious defense to the action.

The meritorious defense phrase is borrowed from equity. Cf. Woodard v. State, 42 Ala.App. 552, 171 So.2d 462. In a court of law it has operation principally under the four-months statute. Code 1940, T. 7, § 279. See also United Security Life Ins. Co. v. Jones, 41 Ala.App. 593, 142 So.2d 269.

However, if within the thirty-day period before the judgment of a court of general jurisdiction becomes final, there is filed a motion to set aside a default judgment, the grounds of which address themselves to sound *judicial* discretion, then, in the absence of an abuse of such discretion, the trial court may set aside the original judgment in the interest of justice. We quote from Mr. Justice Coleman in Grigsby v. Liles, 274 Ala. 67, 147 So.2d 846:

"* * * a court of general jurisdiction has power in the exercise of a sound discretion, to vacate a consent judgment on motion duly made within thirty days after the judgment is rendered, and that when reviewed, the action of court in granting or denying the motion will not be disturbed except for abuse of discretion."

Though Grigsby v. Liles concerned vacation of a consent judgment, yet, a fortiori, as to default judgments, its controlling influence is all the more cogent. Such seems implicit in the reasoning of Mr. Justice Lawson in Bekurs v. Bumper Service, 271 Ala. 110, 122 So.2d 727, even though dealing with a court of limited jurisdiction.

The language of Mr. Justice Foster in Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, at 173, hn. 9, 36 So.2d 513, and of Mr. Justice Lawson in Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665,

38 So.2d 560 (overruling Little v. Peevy, 238 Ala. 106, 189 So. 720), support the trial judge in this instance. There was no palpable abuse of discretion on the part of the trial court in restoring the cause to the trial docket.

Accordingly, the petition for the writ of mandamus is

Denied.

PRICE, P. J., not sitting.