271 So.2d 503

**Leilani Bozeman TAYLOR**

v.

**Cherry TAYLOR, a minor, age 14, et al.**

**Civ. 23.**

Court of Civil Appeals of Alabama.

Jan. 3, 1973.

J. Paul Lowery, Montgomery, for appellees.

Calvin M. Whitesell, Montgomery, for appellant.

HOLMES, Judge.

On July 2, 1971, a default judgment was entered in the Circuit Court of Montgomery County in favor of appellee and against appellant.

On July 22, 1971, appellant herein filed the following motion:

"MOTION TO SET ASIDE THE DEFAULT JUDGMENT

"Comes now Leilani Bozeman Taylor, the Defendant in the above styled cause, and moves the Court to set aside the default judgment rendered in the above styled cause and as grounds therefor asserts the following:

"1.) That the Defendant promptly upon service of the complaint, delivered same to her counsel, Calvin M. Whitesell. That he prepared and signed an answer on the 27th day of May, 1971.

"2.) That through his negligence, misadvertence, or mistake this plea did not get filed and through no fault of Defendant.

"3.) That the Defendant has a meritorious defense to the cause of action.

"WHEREFORE, THE PREMISES CONSIDERED, the Defendant prays that the Court will set aside the default judgment and reinstate this cause to the docket."

In February of 1972, appellant filed, no action being taken by the trial court on the above motion, the following document:

"AMENDED MOTION FOR REHEARING

"Comes now Leilani Bozeman Taylor, the Defendant in the above styled cause, by and through her attorney, Calvin M. Whitesell, and moves the Court to grant her a rehearing in the above styled cause pursuant to Title 7, Section 279, Code of Alabama, 1940, as amended, and as ground therefor would show unto this Court as follows:

"1.) That the Defendant promptly upon service of the complaint, delivered same to her counsel, Calvin M. Whitesell. That he prepared and signed an answer on the 27th day of May, 1971.

"2.) That by accident, misadvertence, or mistake the plea was not filed.

"3.) That the Defendant is without fault on her part.

"4.) That the Defendant has a meritorious defense to this cause of action.

"WHEREFORE, THE PREMISES CONSIDERED, the Defendant prays that the Court will grant her a rehearing in this cause and upon a hearing to set aside the default judgment rendered in this cause and reinstate this cause to the docket."

On May 26, 1972, the trial court entered the following order:

"ORDER

"The motion by the Defendant in this case to set aside the judgment heretofore entered in this cause is not well taken and is due to be denied.

"It is ORDERED and ADJUDGED that the same is hereby denied.

"DONE this the 26 day of May, 1972.

"s/Eugene W. Carter
EUGENE W. CARTER, Judge

Fifteenth Judicial Circuit

"Filed May 26, 1972."

From this order appellant takes this appeal, and argues that the above motions are motions filed pursuant to Tit. 7, § 279, Code of Alabama 1940, commonly referred to as the Four Month Statute, and are not motions filed pursuant to Tit. 13, § 119, Code of Alabama 1940. Appellant has one assignment of error; to wit, the trial court erred in failing to grant the defendant's motion for rehearing.

Appellee contends in the alternative that the motions are filed pursuant to Tit. 13, § 119, Code of Alabama 1940, or even if said motions are pursuant to the Four Month Statute, they are insufficient and the trial

**308**

court was not in error in refusing to hold a hearing on the merits and denying the motions.

The record clearly reveals that if the motions are to be considered under Tit. 13, § 119, Code of Alabama 1940, then the motions became discontinued as there are no orders from the trial court continuing same after their original filing in July 1971. See Tit. 13, § 119, Code of Alabama 1940.

However, the motions as seen from above could have been considered as motions filed pursuant to Tit. 7, § 279, Code of Alabama 1940, and we will so consider same.

■ A person seeking to set aside a judgment or decree must allege by specific averments that he has a meritorious defense and in what the same consists. This is true whether the relief is sought at law on motion or by bill in equity. See Ex parte B. D. Atkinson, 40 Ala.App. 664, 120 So.2d 923; Fletcher v. First Nat. Bank of Opelika, 244 Ala. 98, 11 So.2d 854; Union Indemnity Co. v. Goodman, 225 Ala. 499, 144 So. 108; 13 Ala.Dig., Judgment, ⚖379 (1), 405, 447(1), 460(1)(6).

■ Here, in this instance, both the original motion and the amended motion are but bare assertions that defendant has a meritorious defense. There are no specific averments and no statement in what they consist of.

As the Alabama Court of Appeals said in Ex parte Atkinson, *supra,* wherein the allegation of the petition was similar to the one in question:

"'The petition was fatally defective, * * * It failed to show that the petitioners, as defendants in the original suit, had a good and meritorious defense to the action. The averment of this general conclusion was totally insufficient. The facts constituting the supposed defense must be stated, so that the court may judge of their sufficiency. Dunklin v. Wilson, 64 Ala. 162. . . .'" (40 Ala.App. at 665, 120 So. at 923, 924)

For the above mentioned failure to properly plead and state the specific averments necessary under Tit. 7, § 279, Code of Alabama 1940, the trial court was not in error in denying appellant's motion. Therefore, the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.