We granted a writ of certiorari to the Court of Civil Appeals to review its decision holding that it is unnecessary to allege and prove a meritorious defense when one seeks relief from a default judgment which is the result of alleged ineffective service. Randolph E. Neal, Jr., (Neal), was sued by Wilson Lumber Company, Inc. (Wilson), in a small claims action filed in the District Court of Madison County. In district court, Neal failed to appear, and after a default judgement was entered against him, he failed a motion seeking relief on the ground of ineffective service, but did not allege a meritorious defense. Neal's motion was denied. Neal appealed to circuit court, which also ruled against him. The Court of Civil Appeals considered Neal's pro se motion to have been filed pursuant to Rule 60 (b)(4), Alabama Rules of Civil Procedure, which authorizes relief from void judgments. Holding that Neal did not have to allege and prove a meritorious defense, the Court of Civil Appeals reversed the adverse judgment rendered against Neal by the Circuit Court for Madison County, and remanded the case for an evidentiary hearing on Neal's motion.
Wilson petitioned for certiorari, contending that because Neal failed to allege a meritorious defense in his motion to vacate the default judgment, his motion was denied properly and that the decision of the Court of Civil Appeals, therefore, is erroneous. The facts pertinent to this appeal are set forth in the decision of the Court of Civil Appeals at 410 So.2d 404.
The following issue is dispositive of this appeal: Is a defendant who files a motion pursuant to Rule 60 (b), A.R.C.P., seeking to set aside a default judgment due to lack of proper service of process, required to allege and prove a prima facie meritorious defense in addition to proving lack of service of process? We hold that the Court of Civil Appeals reached the correct result in its decision, but for reasons discussed hereinafter, we clarify the rule of law on this issue.
Citing Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978), and Modernage Homes v. Wooldridge, 55 Ala. App. 68,313 So.2d 190 (1975), the Court of Civil Appeals held that one seeking relief from a void judgment need not plead or prove a meritorious defense. Under the authority of Raine v. FirstWestern Bank, the Court of Civil Appeals decided that a judgment obtained without proper process is void. Wilson contends, and cites numerous cases (infra), holding that a meritorious defense must be alleged and proved by one seeking relief from a default judgment allegedly void for want of proper service. Wilson maintains that because Neal's motion to vacate the judgment failed to allege a meritorious defense, it was denied properly and the judgment received by Wilson against Neal should stand. Both Wilson and the amici curiae have presented thorough and well reasoned briefs which reach opposite conclusions. The disparity undoubtedly is caused by the fact that previous law addressing the instant problem is marked by confusion and some inconsistency.
The starting point for our inquiry is Rule 60, A.R.C.P., which is "an amalgamation of all prior Alabama procedural devices available to attack final judgments." Modernage Homesv. Wooldridge, 55 Ala. App. at 71, 313 So.2d at 192-3. "Rule 60 (b) retains the substance of [prior methods of attack], but destroys the artificial boundaries between them." Committee Comments to Rule 60, A.R.C.P. Rule 60 (b)(4) notes specifically that relief may be sought where "the judgment is void." The Committee Comments note further:
 If it has been possible to attack a judgment by any of the devices listed above, it will be possible to attack the judgment by a motion or an independent proceeding under this rule, since the rule enumerates all the grounds now available in Alabama for relief from a judgment, and, in addition, *Page 409 
specifically preserves relief by "independent action" as it now exists.
Committee Comments to Rule 60, A.R.C.P.
Regarding the present case, we agree with the reasoning of the amici curiae that it was unnecessary for Neal to have alleged a meritorious defense in his motion to vacate the default judgment for want of proper service. A judgment obtained with ineffective service is void for the purpose of Rule 60 (b)(4). AAA Sewing Machine Company v. Shelby FinanceCompany, 384 So.2d 126 (Ala.Civ.App. 1980). "To authorize a court to proceed, it must acquire jurisdiction over defendant in some mode authorized by law, by service or other means, and . . . a judgment rendered without acquiring such jurisdiction is a nullity." 21 C.J.S. Courts § 83 at 123-4 (1940) (footnote omitted), quoted in Cooper v. Watts, 280 Ala. 236 at 240,191 So.2d 519 at 522 (1966). Neal's attack upon the default judgment entered against him, therefore, appropriately was brought under Rule 60 (b)(4).
Wilson argues that it was incumbent upon Neal to allege a meritorious defense in his motion to vacate the default judgment. Wilson cites a number of cases holding that both at law and in equity, one who attacks a final judgment must allege and prove a meritorious defense: Vestavia Country Club v.Armstrong, 271 Ala. 294, 123 So.2d 130 (1960); Ex parte Guin,264 Ala. 268, 87 So.2d 30 (1956); Taylor v. Taylor, 49 Ala. App. 306, 271 So.2d 503 (1973). The point of law that a meritorious defense is necessary both at law and in equity to set aside a judgment is based upon the operation of the "four months statute."
 While a court of equity, or a law court acting under the four months statute — Section 9521 — will set aside a judgment rendered without proper service against a party to the suit, yet to secure such relief the aggrieved party must both allege and prove that he has a meritorious defense, and that he was prevented by surprise, accident, mistake or fraud, without fault on his part, from interposing such meritorious defense to the action. He is required to allege and prove a meritorious defense for the reason that it would be idle and useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered.
Vestavia Country Club v. Armstrong, 271 Ala. at 297,123 So.2d at 133 (citations omitted); Cockrell v. World's FinestChocolate Company, 349 So.2d 1117 (Ala. 1977) (citing VestaviaCountry Club v. Armstrong); Ex parte New Home Sewing MachineCo., 238 Ala. 159, 189 So. 874 (1939).
This court has observed that a proceeding under the "four months statute" is a separate proceeding from the one in which judgment was rendered.
 A petition or application for rehearing under the four months statute is not a proceeding in the case wherein the judgment was rendered, but is a new suit, authorized by the statutes to be instituted in the law court, partaking of the nature of a bill in equity seeking relief from a judgment as a result of surprise, accident, mistake or fraud, without fault on the part of the party invoking the court's jurisdiction, and presents a juristic controversy to be determined according to right and justice leaving no room for the exercise of discretion.
Marshall County v. Critches, 245 Ala. 357 at 358-9,17 So.2d 540 at 541-2 (1944); Ex parte Covington Land Company,42 Ala. App. 635, 175 So.2d 106 (1965). The "four months statute" cited above was later codified at Code 1940, Tit. 7 § 279: "When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing at any time within four months from the rendition of the judgment." This court more recently noted that Rule 60 (b), A.R.C.P., incorporated "most of § 279 [the "four months statute"], but some part of the wording is different." Phillips v. D. J.Enterprises, 292 Ala. 31 at 33, 288 So.2d 137 at 138 (1973).
A proceeding under the "four months statute" or its successor as found in Rule *Page 410 
60 (b), is thus a collateral, and not a direct, attack. Judge Samford, speaking for the Court of Appeals, noted the difference between a direct and a collateral attack upon a judgment:
 There have been so many cases involving the validity of judgments on collateral attack that the decisions have become somewhat confused as to how far courts would or could exercise their inherent power in going behind judgments rendered by courts of general jurisdiction, where the proceedings all appear to be regular. But if we confine ourselves to proceedings where the judgment is subject of direct attack, the question is not so difficult. It is elementary law that in order for a court to have jurisdiction of the person there must be service of process or voluntary appearance, and in 15 R.C.L. p. 850, § 324, the rule as to default judgment is declared as follows:
 "Jurisdiction to enter a judgment against a defaulting defendant rests upon the fact of service itself and the return of service is simply the evidence of the jurisdictional fact."
 Where, as a matter of fact, a judgment has been rendered without the court having jurisdiction of the person, courts of superior and general jurisdiction have the inherent power, independent of statutes fixing designated periods of time within which applications should be made to have judgments vacated, to annul and set aside its final judgment after the close of the term at which it was rendered, either for want of jurisdiction of the subject matter or of the parties.
Ex parte Gunter, 17 Ala. App. 313 at 315, 86 So. 146 at 147 (1919).
The United States Court of Appeals for the District of Columbia similarly has observed the same distinction between a direct and a collateral attack upon a judgment.
 It is urged that the judgment of the lower court cannot be reversed because appellant did not allege in her motion to vacate that she had a valid and meritorious defense to the claim on which she was sued. Ray v. Carr, [D.C. Cir., 107 F.2d 238] is cited in support of this contention. Assuming, but not deciding, that the point is properly before us, that case, nevertheless, does not govern the present situation. There, following a judgment obtained in the Small Claims Branch of the Municipal Court, application was made to the District Court for an injunction to restrain execution upon the judgment, on the ground that it had been obtained without proper service of process. In affirming the decree dismissing the bill, we held that enforcement of a void judgment will not be restrained by a court of equity, on a collateral attack, unless a meritorious defense to the action is alleged; on the theory that one who seeks equity must do equity. And we called particular attention to the fact that appellant had failed to exhaust his remedies in the Municipal Court by moving to vacate the judgment. In the present case, the attack upon the judgment was made not collaterally but directly by a motion to vacate. No showing of merits is necessary in support of a motion to vacate a void judgment.
Wise v. Herzog, 114 F.2d 486 at 491-2 (D.C. Cir. 1940) (footnote omitted).
In the present case, Neal's motion filed in district court to vacate the default judgment was clearly a direct attack upon that judgment. It, therefore, did not require the averment of an affirmative defense to Wilson's cause of action. As noted already, Wilson's reliance upon the language cited in VestaviaCountry Club v. Armstrong, supra, is misplaced because that case discussed an attack on a judgment under the "four months statute," which is a collateral attack. Other cases cited by Wilson as authority for its contention that a meritorious defense must be alleged to set aside a judgment involve collateral attacks, or do not involve judgments that are void for ineffective service: Gordon v. Halstead, 283 Ala. 578,219 So.2d 629 (1969); Ex parte Guin, 264 Ala. 268, 87 So.2d 30
(1956); Speegle v. Citizens Bank, 346 So.2d 455 (Ala.Civ.App. 1977); Taylor v. Taylor, 49 Ala. App. 306, 271 So.2d 503 (1973). *Page 411 
Next, Wilson argues that because the judgment is not void on its face, as determined from the record, it is only voidable and a meritorious defense must be alleged to attack it. Wilson cites Griffin v. Proctor, 244 Ala. 537 at 541, 14 So.2d 116 at 119 (1943).
 It is well settled that where a decree has been rendered which is void on the face of the record, the court rendering it possesses the inherent power, and should, on motion, vacate said decree. Johnson v. Johnson's Adm'r, supra [40 Ala. 247]; Buchanan v. Thomason, supra [70 Ala. 401]; Chamblee et al. v. Cole, supra [128 Ala. 649, 30 So. 630]; Sweeney et al. v. Tritsch, supra [151 Ala. 242, 44 So. 184]; State ex rel. St. Peter's M. Baptist Church v. Smith, Judge, supra [215 Ala. 449, 111 So. 28]. While as a general rule the court's authority is limited to matters which appear on the face of the record, such limitation is not applicable in the event of the death of either party when the judgment or decree was rendered. Johnson v. Johnson's Adm'r., supra; Buchanan v. Thomason, supra. In the Johnson case it was said: "The true rule seems to be, that any court should, on a proper application, vacate any final order, decree, or judgment, at any time subsequent to its rendition, if the same is void on the face of the proceedings and record; but not where it appears to be void from facts dehors the record, except in the case of the death of either party to the suit or proceeding, at the time the judgment or decree is rendered, and in such other cases as may be authorized by long practice, or by statute." Campbell v. Beyers, supra [189 Ala. 307, 66 So. 651]; Ex parte City Bank Trust Co., supra [200 Ala. 440, 76 So. 372]. [Emphasis added.]
In the instant case, Wilson points to the fact that the record shows a sheriff's return which appears valid on its face. Wilson, therefore, argues that the judgment against Neal is only voidable and not void, and, thus, Neal had to allege a meritorious defense in his motion to vacate the judgment. Although we do not express an opinion as to whether Wilson's conclusion is well premised under the authority it cites, it is sufficient to say that the nature of Neal's attack upon the judgment is an exception to the void/voidable distinction stated in Griffin v. Proctor. In Ex parte Gunter, supra, the Court of Appeals remarked that the concept that "matters which go behind the judgment may not be inquired into" does not pertain to judgments attacked for "want of jurisdiction." Judge Samford went on to say:
 It would be a monstrous proposition to say, on direct attack of a judgment, it could not be shown that the defendant was never legally before the court. The proceeding in this case is a direct attack on the judgment, alleging that the parties were never served with process or otherwise had notice before judgment was rendered against them. If that is so, the judgment is void, and, although written in the minutes of the court, it is no record, and, although the minutes may recite notice by service, it may be shown to be false. 1 Black on Judgments, § 288; Herring v. Ricketts, 101 Ala. 340, 13 So. 502.
Ex parte Gunter, 17 Ala. App. at 314, 86 So. at 147.
We are of the opinion that an attack on a judgment based on ineffective service is an exception to the "general rule" quoted above in Griffin v. Proctor, and undoubtedly also comes within the "other cases" exception. Neither Griffin v. Proctor, nor the two cases cited by it (infra) as authority for the principle of law that only a judgment void on its face may be attacked, dealt with judgments that were void for want of effective service. Campbell v. Beyers, 189 Ala. 307, 66 So. 651
(1914), involved a dispute as to whether the record correctly reflected a jury's verdict. Ex parte City Bank Trust Co.,200 Ala. 440, 76 So. 372 (1917), dealt with the validity of a judgment by a court which had passed out of existence. Both cases were cited in Griffin v. Proctor. *Page 412 
In Campbell v. Beyers, 189 So. at 309-10, 66 So. at 651-2, this court stated that "courts have inherent power to preserve the integrity of their records and may make orders necessary to that end." Justice Tyson, speaking for this court in Chambleev. Cole, 128 Ala. 649 at 650-1, 30 So. 630 (1901), remarked:
 It is well settled that where a decree, void for want of jurisdiction, has been rendered, the court rendering it possesses the inherent power, and should on motion, vacate said decree. It is a nullity and the court may at any subsequent term vacate it.
In view of the above-quoted authorities, it is clear that an attack upon a judgment for want of proper service does not require a showing of ineffective service on the face of the record as a prerequisite to an attack.
Some decisions of this court have not been consistent with the principles that we have reiterated in this opinion. InRobinson v. Beck, 261 Ala. 531, 74 So.2d 915 (1954), by reasoning that is not entirely clear, this court concluded (apparently after reviewing testimony on the issue of service of process) that the record did not show the judgment was void on its face. After reviewing the sheriff's return, which recited service on the defendant, the court in Robinson v. Beck
stated:
 Thus the record affirmatively shows prima facie that service was had and it is sufficient to authorize judgment by default, Title 7, § 188, Code of 1940; and the testimony before the trial court supports the default judgment. Therefore, on the face of the record the judgment was not void.
Robinson v. Beck, 261 Ala. at 534, 74 So.2d at 918. Inasmuch as we have decided that the void/voidable principle does not apply when one attacks a judgment for want of effective service, we prefer to interpret the Robinson Court's statement as a conclusion that the judgment was not void, reached after the court had reviewed the testimony on that issue.
In Ex parte Smith, 258 Ala. 319, 62 So.2d 792 (1953), it was held that a meritorious defense must be alleged and proved in a direct attack upon a judgment:
 A well settled principle is that the court in which a judgment by default was rendered has the duty (not a discretion) to set aside that judgment on motion made within the thirty-day period when it is proven to the satisfaction of the court that service was not had on the defendant, even though the record shows that service was had, and it must be shown on the further hearing of that motion that he had a good and meritorious defense.
Ex parte Smith, 258 Ala. at 322, 62 So.2d at 794. As we have already discussed, a direct attack upon a judgment allegedly void for want of effective service requires no allegation of a meritorious defense. Ex parte Smith is expressly overruled to the extent it conflicts with this principle of law.
Wilson correctly calls to our attention the fact that inCockrell v. World's Finest Chocolate Company, supra, this court declined to decide "whether a default judgment entered without the required notice is void or merely voidable." Cockrell, at 1120. Cockrell did not involve a situation of ineffective service of process. The dispute in Cockrell centered on whether the defendant was entitled to the "three days" notice provided by Rule 55 (b)(2), A.R.C.P. On that basis the Cockrell case is distinguishable from the instant one, and we, therefore, decline to further consider Wilson's contentions regarding it.
In Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978), Wilson attempts to find support for its position that the void/voidable principle applies to one attacking a default judgment for want of effective service. Like Cockrell, supra,Wonder v. Southbound Records, Inc., involved a default situation under the "three days" provision of Rule 55 (b), A.R.C.P., and is likewise distinguishable.
Wilson also cites McNutt v. Beaty, 370 So.2d 998 (Ala. 1979), and AAA Sewing Machine Company v. Shelby Finance Company,supra, as supportive of its position. In pertinent part, McNuttv. Beaty holds that "a *Page 413 
judgment is void if the court rendering it lacks jurisdiction over the subject matter or of the parties." McNutt v. Beaty, at 999. That is consistent with this court's pronouncement inCooper v. Watts, supra, and the Court of Civil Appeals' similar holding in AAA Sewing Machine Company v. Shelby FinanceCompany. McNutt v. Beaty does not support Wilson's position. Wilson suggests that in AAA Sewing Machine Company, the Court of Civil Appeals considered a situation where a defendant attacked a default judgment for want of effective service, alleging a meritorious defense, and it was held that the judgment was not void. That case is distinguishable on two points. First, the defendants launched a collateral attack upon the judgment. Second, the Court of Civil Appeals' conclusion that the judgment was not void was clearly a conclusion founded upon a review of the testimony in circuit court on the issue of the validity of service of process in that case.
We, therefore, uphold the decision of the Court of Civil Appeals holding that it was unnecessary for Neal to have alleged a meritorious defense in his motion to vacate the default judgment entered against him. In reaching our decision in this case, we have limited our review solely to the narrow issue upon which we granted certiorari.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.